**Patricia BECKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–99–00405–CR.**

Court of Appeals of Texas, El Paso.

Oct. 12, 2000.

---

**12.** This figure represents ten days at a rental rate of $239 per day.

Catherine Clifton, Asst. County Atty., Odessa, for Appellant.

Tracey Bright, County Atty., Michele L. Surratt, Asst. County Atty., Odessa, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Patricia Becker appeals from an order of the trial court revoking her misdemeanor probation. She had previously been convicted of assault and assessed punishment of a fine of $250 and confinement in jail for one year, probated for one year. The State filed a motion to revoke based upon allegations that Appellant had committed theft and had failed to pay her fine, court costs, and monthly probation fee. Following a contested hearing, the trial court determined that Appellant had violated the terms and conditions of probation by committing theft. Regarding the remaining allegations, the court found she had established her affirmative defense of an inability to pay. Based upon the proven violation, the trial court revoked its prior probation order. Appellant challenges the revocation order by a single point of error. We affirm.

## REVIEW OF THE REVOCATION ORDER

In Point of Error No. One, Appellant contends that the evidence is factually insufficient to support the court's determination that she committed theft. She does not allege that the court abused its discretion in revoking her probation. The State, on the other hand, argues that the sole question in an appeal from a revocation order is whether the trial court abused its discretion in revoking Appellant's probation. *See Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983); *Naquin v. State,* 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980). Under the traditional standard applied in these cases, the evidence is viewed in the light most favorable to the verdict and an abuse of discretion will not be found so long as there is some evidence to support any of the alleged violations. *See Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984); *O'Neal v. State,* 623 S.W.2d 660, 661 (Tex. Crim.App.1981). The State, maintaining that factual sufficiency review has not been extended to ancillary determinations such as revocation proceedings, urges us to apply the traditional abuse of discretion analysis.

### Factual Sufficiency Review Inapplicable

▬ The State is correct that a probation revocation proceeding is not an ordinary criminal proceeding. Like a parole revocation hearing, a community supervision revocation hearing does not constitute a stage of a criminal prosecution even though it results in the probationer's loss of conditional liberty. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). Further, it is neither a criminal nor a civil trial, but rather an administrative hearing. *See Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Burke v. State,* 930 S.W.2d 230, 232 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). The degree of discretion possessed by the trial courts also distinguishes the

community supervision revocation proceeding from other criminal proceedings. As a general matter, the trial courts possess broad discretion in supervising those defendants who are placed on community supervision. *See generally* TEX.CODE CRIM. PROC.ANN. art. 42.12 (Vernon Supp.2000); *see also Speth v. State,* 6 S.W.3d 530, 533 (Tex.Crim.App.1999) (consistent with its broad discretionary powers in deciding whether to grant community supervision, a trial court likewise has broad discretion in determining the conditions to be imposed); *Todd v. State,* 911 S.W.2d 807, 817 (Tex. App.—El Paso 1995, no pet.) (accord). This degree of discretion extends to revocation proceedings such that the trial court has considerable discretion to modify, revoke, or continue the probation. *See* TEX. CODE CRIM.PROC.ANN. art. 42 .12, § 21; *Ex parte Tarver,* 725 S.W.2d 195, 200 (Tex. Crim.App.1986); *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App.1979); *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim. App.1979). Given the broad discretion vested in the trial court and the nature of the proceeding, the courts have traditionally held that the only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion.

■ In *Clewis v. State,* the Court of Criminal Appeals determined that the courts of appeals are constitutionally empowered to determine whether factually sufficient evidence supports the elements of the offense. *See Cain v. State,* 958 S.W.2d 404, 408 (Tex.Crim.App.1997); *Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex. Crim.App.1996). Prior to *Clewis,* this type of review had been available only in examining affirmative defenses. *See e.g, Meraz v. State,* 785 S.W.2d 146, 153–54 (Tex. Crim.App.1990). However, the higher Court has not extended factual sufficiency review to other types of criminal proceedings, and a number of intermediate courts which have considered the question have determined that factual sufficiency review is inapplicable to a review of revocation orders. *See e.g., Joseph v. State,* 3 S.W.3d 627, 642 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Johnson v. State,* 2 S.W.3d 685, 687 (Tex.App.—Fort Worth 1999, no pet.); *Liggett v. State,* 998 S.W.2d 733, 735–36 (Tex.App.—Beaumont 1999, no pet.); *Johnson v. State,* 943 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State,* 933 S.W.2d 298, 300 (Tex.App.—Waco 1996, pet. ref'd). These decisions generally reason that examination of the revocation order for factually sufficient evidence is inappropriate given the trial court's wide discretion and the unique nature of community supervision revocation proceedings. Because we are persuaded there is merit in both arguments, we likewise decline to extend *Clewis* to a review of revocation orders and instead will conduct our review according to the traditional analysis.

### No Abuse of Discretion

■ In a community supervision revocation proceeding, the State bears the burden to establish the alleged violations of the trial court's order by a preponderance of the evidence. *Cobb,* 851 S.W.2d at 873. It is the trial court's duty to determine whether the allegations in the revocation motion are true. *Langford v. State,* 578 S.W.2d 737, 739 (Tex.Crim.App.1979). In making this determination, the trial court is the sole trier of facts, and the judge of the credibility of the witnesses and the weight to be given the testimony. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex.Crim. App.1980); *Johnson,* 2 S.W.3d at 686–87. The reviewing court examines the record in the light most favorable to the judge's ruling to determine whether the State established by a preponderance of the evidence that the defendant violated the terms and conditions of probation as alleged. *See Jackson,* 645 S.W.2d at 304; *Johnson,* 2 S.W.3d at 686; *Greer v. State,* 999 S.W.2d 484, 486 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd). If there is some evidence to support the finding of even a single violation, the order must be

upheld. *See Cardona,* 665 S.W.2d at 493–94; *O'Neal,* 623 S.W.2d at 661.

 Here, the trial court concluded that Appellant violated the terms and conditions of probation by committing the offense of theft under $500 but over $50 on January 28, 1999 in Ector County, Texas. In January of 1999, Appellant offered to assist Brooks Davis while he was hospitalized for an extended period of time due to open-heart surgery. Because his home had been burglarized during his absence, Davis needed someone to house-sit. When Appellant insisted that Lori Taylor would do a better job than the individual Davis had intended to rely upon, Davis agreed. Davis did not ask Appellant to do anything else for him, and in particular, he did not ask her to help with his auto repair business or to deposit any receipts into his account. Tabitha Weesner was in charge of the business while Davis was hospitalized. Her duties included taking payments and ordering parts until Davis' daughter arrived in town. On January 28, 1999, while Weesner was picking up Davis' daughter from the airport, another woman[1] was at the business answering the telephone. During Weesner's absence, a patron brought in a $250 payment and left it with the receptionist who issued him a receipt. The receptionist then gave the money to Appellant based upon her representation that she was responsible for making deposits to Davis' account during his illness. Davis' daughter subsequently asked Appellant for the money, but Appellant gave her only $100 and said she would deposit the remainder in Davis' bank account. Appellant never turned over the remaining $150 nor did she deposit it into the bank account.

Appellant presented an entirely different version of the events. Davis asked her to work in his office as a bookkeeper after he fell ill because he did not trust some of the other people working for him. Based upon this arrangement, Appellant took the $250 payment and gave $100 to an individual for parts, $75 to Lori Taylor, and the remaining $75 to Davis. Appellant denied keeping any of the money. Taylor testified in support of Appellant's version to the extent she said that Davis notified her by telephone that Appellant would give her $75 for groceries. In rebuttal, Davis contradicted Appellant's testimony.

The trial court was free to reject the defense testimony that Appellant acted with Davis' permission and that she did not keep any portion of the money. Taken in the light most favorable to the verdict, the State proved by a preponderance of the evidence that Appellant acquired the funds on false pretenses and then refused to turn it over to the owner or to those rightfully acting on his behalf. This is sufficient to establish that Appellant acted with the intent to deprive the owner of the property and appropriated more than $50 but less than $500 without the owner's effective consent. *See* TEX.PEN.CODE ANN. § 31.03 (Vernon Supp.2000). Accordingly, the trial court did not abuse its discretion in revoking her community supervision. Appellant's sole point of error is overruled and the revocation order is affirmed.

---

1. None of the witnesses identified this woman by name so the opinion will refer to her as the receptionist.