COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GARRAN HARVIS BRIDGES,                            )

                                                                              )              
No.  08-01-00462-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
358th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                   (TC# D-28,565)

                                                                              )

 

 

O
P I N I O N

 

This appeal arises
from a revocation of probation.  On
August 13, 2001, Appellant, Garran Harvis Bridges, pled guilty to the offense
of aggravated robbery.  He was sentenced
by the trial court to 10 years=
imprisonment.  The court then probated
the sentence and placed Appellant on community supervision for a term of ten
years.  On September 17, 2001, the State
filed a Motion to Revoke Community Supervision, alleging Appellant had violated
the terms and conditions of community supervision.  A hearing was held on October 24, 2001, and
Appellant=s
community supervision was revoked by the trial court.  He was sentenced to 10 years= incarceration.  Appellant now appeals the judgment and
sentence of the trial court.  We affirm.








Appellant raises a
single issue on appeal.  He contends the
trial court erred by revoking his community supervision based on insufficient
evidence.  In particular, Appellant
argues there was insufficient evidence to prove he possessed marijuana and
tampered with physical evidence, as alleged in the State=s
motion to revoke.

In a community
supervision revocation proceeding, the State bears the burden of establishing
the alleged violations of a trial court=s
order by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex.Crim.App. 1993); Becker v. State, 33 S.W.3d 64, 66 (Tex.App.--El
Paso 2000, no pet.).  Thus, the State
must show that the greater weight of credible evidence before the court creates
a reasonable belief that a condition of probation has been violated, as alleged
in the motion to revoke.  Jenkins v.
State, 740 S.W.2d 435, 437 (Tex.Crim.App. 1983); Williams v. State,
910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no pet.).  It is the duty of the trial court to
determine whether the allegations in the motion for revocation are true.  Langford v. State, 578 S.W.2d 737, 739
(Tex.Crim.App. 1979)(Opin. on reh=g);
Becker, 33 S.W.3d at 66.  In
making this determination, the trial court is the sole trier of facts and judge
of the credibility of the witnesses.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980); Becker, 33
S.W.3d at 66.








When the State has
satisfied its burden of proving the allegations by a preponderance of the
evidence, the decision whether to revoke community supervision is within the
discretion of the trial court.  Flournoy
v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); Gordon v. State,
4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).  Under such circumstances, the trial court=s discretion is substantially
absolute.  Flournoy, 589 S.W.2d at
708; Gordon, 4 S.W.3d at 35. 
Accordingly, the only question properly presented on appeal is whether
the trial court abused its discretion in revoking probation.  Garrett v. State, 619 S.W.2d 172, 174
(Tex.Crim.App. 1981); Gordon, 4 S.W.3d at 35.  If a single ground for revocation is
supported by a preponderance of the evidence and is otherwise valid, then an
abuse of discretion is not shown.  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon, 4 S.W.3d
at 35.

In this case, the
State called Officer Mark Ruckman to testify in support of the allegations in
the motion to revoke.  Officer Ruckman
told the trial court that while he was on patrol at approximately 6:30 a.m., he
observed Appellant acting suspiciously outside the Sahara Motel.  He explained that the hotel was located in an
area known for prostitution and illegal drugs. 
According to his testimony, the officer attempted to speak to Appellant,
but Appellant ran away from him.  He then
saw Appellant throw something away near a vending machine.  The officer eventually detained Appellant and
retrieved the item Appellant had discarded. 
Officer Ruckman testified Appellant had discarded a blue marijuana pipe
and some marijuana.  Based on these
facts, the State=s motion
to revoke alleged Appellant possessed marijuana in violation of the court=s order.  

Officer Ruckman
also testified that he suspected Appellant had something in his mouth at the
time he was initially detained.  When the
officer asked Appellant to open his mouth and lift up his tongue, Appellant
appeared to swallow whatever had been in his mouth.  Later, after Appellant was placed in a patrol
car, he spit on the floor of the vehicle. 
Officer Ruckman then field tested Appellant=s
saliva, which tested positive for cocaine. 
Based on this, the State=s
motion to revoke alleged Appellant committed the offense of tampering with
physical evidence by swallowing cocaine. 









Appellant
testified at the hearing on his own behalf. 
According to his testimony, the morning he was arrested he had given a
stranger a ride to the motel in his car. 
After arriving at the motel, the stranger threatened him with a
gun.  Appellant told the court he
responded by turning off the engine, getting out of the car, and locking
it.  He was then able to push the
stranger and run away.  According to
Appellant, he flagged down the police officer and explained what had happened
to him.  He denied that he had discarded
the marijuana that was found near the vending machine.  He also denied spitting on anything or having
cocaine in his mouth.  At the conclusion
of Appellant=s
testimony, defense counsel closed and the court rendered its decision.  In so doing, the trial judge indicated that
he simply did not believe Appellant=s
version of the events.

In his brief,
Appellant contends the State failed to affirmatively link the marijuana found
near the vending machines to him.  He
argues the marijuana and pipe were found in a public place and were not linked
to him through fingerprint testing.  He
also essentially argues that because the State did not admit any physical
evidence of the field-tested saliva which tested positive for cocaine, the
charge of tampering with evidence is unsupported.  

While conflicting
evidence was presented in this case, it was well within the trial court=s discretion to believe Officer Ruckman
and disbelieve Appellant.  Taylor,
604 S.W.2d at 179; Becker, 33 S.W.3d at 66.  In so doing, the trial court could have
reasonably concluded that through Officer Ruckman=s
testimony the State properly established a link between Appellant and the
discarded marijuana.  Moreover, the State
was under no obligation to admit the field-tested material into evidence.  The officer=s
testimony regarding the field test and its result is enough to establish the
presence of cocaine in Appellant=s
mouth and support the tampering with evidence allegation.  Accordingly, we find the State proved the
allegations in the motion to revoke by a preponderance of the evidence.  We further find the trial court did not abuse
its discretion in revoking Appellant=s
community supervision.








We affirm the
trial court=s judgment.

 

 

June
12, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)