COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

LOUIS WILLARD MCCONNELL,                     )

                                                                              )               No.  08-02-00255-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
161st District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                    (TC# B-27,939)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Louis
Willard McConnell, appeals the revocation of his community supervision.  His sole issue on appeal is whether the trial
court abused its discretion by revoking his community supervision in light of
his advanced age and poor health.  We
will affirm.

SUMMARY
OF THE EVIDENCE








Appellant plead
guilty to and was convicted of the felony offense of driving while intoxicated
on April 10, 2000.[1]  He was sentenced to five years= incarceration, probated for the term
of the sentence.  On April 10, 2002, the
State filed a motion to revoke Appellant=s
community supervision.  A hearing on the
motion was held on May 13, 2002.  At that
time, Appellant was approximately eighty-one years old.  At the conclusion of the hearing, the trial
court revoked Appellant=s
community supervision.  Appellant was
then sentenced to four years=
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  He now appeals the decision of
the trial court, arguing the court erred by failing to consider his advanced
age and poor health.

DISCUSSION








A trial court
possesses broad discretion in supervising those defendants placed on community
supervision.  See generally Tex.Code Crim.Proc.Ann.
art. 42.12 (Vernon Supp. 2003); Becker
v. State, 33 S.W.3d 64, 65-6 (Tex.App.--El Paso
2000, no pet.).  This broad degree
of discretion encompasses the court=s
ability to modify, revoke, or continue probation.  See Tex.Code Crim.Proc.Ann. art.
42 .12, ''
21-23; Ex parte Tarver, 725 S.W.2d 195, 200 (Tex.Crim.App. 1986); Flournoy
v. State, 589 S.W.2d 705, 707 (Tex.Crim.App.
1979).  In a community supervision
revocation proceeding, the State bears the burden of establishing any alleged
violations of the trial court=s
order by a preponderance of the evidence. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker, 33 S.W.3d at 66.  The trial court must determine whether the
allegations in the revocation motion are true. 
Becker, 33 S.W.3d at 66.  In so doing, the trial court is the sole trier of facts, and judge of the credibility of witnesses
and the weight to be given the testimony. 
Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981); Williams v. State, 910 S.W.2d
83, 85 (Tex.App.--El Paso 1995, no pet.).  On appeal, this Court examines the record in
the light most favorable to the lower court=s
ruling to determine whether the State established by a preponderance of the
evidence that the defendant violated the terms and conditions of community
supervision as alleged.  Williams,
910 S.W.2d at 85. 
If there is some evidence to support the finding of a violation, the
revocation order must be upheld.  See
Cardona, 665 S.W.2d 492, 493-94 (Tex.Crim.App.
1984); Greer v. State, 999 S.W.2d 484, 486 (Tex.App.--Houston
[14th Dist.] 1999, pet. ref=d),
cert. denied, 531 U.S. 877, 121 S.Ct. 185, 148
L.Ed.2d 128 (2000).

Here, the State=s motion to revoke community
supervision alleged Appellant committed a criminal offense, consumed alcoholic
beverages, and operated a motor vehicle in violation of the court=s order.  Appellant pled true to all three of these
allegations at the revocation hearing. 
Appellant=s
community supervision officer also testified that Appellant was Anot getting much from probation and he
should be revoked.@  He also stated that he did not think
Appellant would be receptive to any type of alcohol abuse treatment
program.  During closing arguments, both
attorneys openly addressed Appellant=s
age.  The State argued that regardless of
Appellant=s age, he
had failed to follow the terms of community supervision.  Appellant=s
counsel argued that a long period of incarceration would not benefit his client
or society because he would have to be taken care of while in prison.  Based on this argument, Appellant=s counsel requested the court continue
community supervision, send Appellant to treatment program, or reduce the
sentence.  At the conclusion of the
arguments, the court found all three allegations true, revoked probation, and
reduced Appellant=s
sentence to a term of four years=
incarceration.  








Nothing in the
record before us indicates an abuse of discretion on the part of the trial
court.  Appellant pled true to the
allegations in the motion to revoke. 
There was no evidence indicating Appellant was in poor health.  The evidence presented indicated Appellant
was a repeat offender, not likely to succeed at probation, or benefit from
further treatment programs.  Appellant
offered no contrary testimony or evidence. 
Accordingly, we conclude the trial court did not abuse its discretion in
revoking Appellant=s
community supervision.  Appellant=s issue on appeal is overruled.  The action of the trial court is affirmed.

 

 

August
26, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  This was Appellant=s
third driving while intoxicated offense.