In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00068-CR
______________________________


DAVID WAYNE WELCH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 174th Judicial District Court
Harris County, Texas
Trial Court No. 828971


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            David Wayne Welch appeals the trial court's decision to revoke his community supervision
for the offense of intoxication manslaughter. On appeal, Welch contends the State presented
insufficient evidence to support the finding Welch had violated the terms of his community
supervision. We affirm.
Background
            On August 20, 2001, Welch pled "no contest" to causing the death of Nathan Aaron Miller
while Welch was legally intoxicated and operating a motor vehicle in which Miller, a passenger, was
killed. There was no negotiated plea agreement. The trial court sentenced Welch to five years'
incarceration and a fine of $500.00, but probated the imprisonment portion of the sentence for a
period of five years and placed Welch on community supervision. 
            On August 21, 2002, the State filed a motion to revoke Welch's community supervision. 
Welch pled "not true" to having violated the terms of his community supervision. At the conclusion
of a hearing on the State's motion, the trial court found the allegations contained in the motion to
revoke were true, revoked Welch's community supervision, and, on March 6, 2003, imposed the
original sentence of five years' imprisonment. 
Analysis
            In his sole issue before this Court, Welch contends the State presented insufficient evidence
to support the trial court's finding that he had violated a condition of his community supervision. 
"To revoke probation, the State must prove every element of at least one ground for revocation by
a preponderance of the evidence." Pierce v. State, No. 06-02-00009-CR, 2003 WL 21321476, at *2
(Tex. App.‒Texarkana June 10, 2003, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 42.12, §
21 (Vernon Supp. 2003)). A trial court has extremely broad discretion over the conditions of
community supervision and its revocation or continuation. Id. Given the unique nature of a
revocation proceeding, the general standards for appellate review of factual or legal sufficiency
challenges do not apply to a trial court's decision to revoke community supervision. Id. (citing
Cochran v. State, 78 S.W.3d 20, 27 (Tex. App.‒Tyler 2002, no pet.); Becker v. State, 33 S.W.3d 64,
66 (Tex. App.‒El Paso 2000, no pet.)). Instead, we must determine whether the greater weight of
the credible evidence creates a reasonable belief that the defendant violated any single term of the
community supervision. If so, then we will not find the trial court abused its discretion. Id.
            In relevant part, the trial court's original terms and conditions of community supervision
required Welch to commit no new criminal offense and complete 240 hours of community service
at a rate of ten hours each month beginning in September 2001. In its motion to revoke, the State
alleged Welch committed the new criminal offense of driving while intoxicated and failed to perform
his community service at the court-ordered rate. 
            Edward Anozie, an employee of the Harris County Community Supervision Department,
testified for the State. When he reported each month to the community supervision office, Welch
was to bring Anozie a log of Welch's completed community service. Anozie testified Welch claimed
to have completed more than the required ten hours in many months, but failed to present his work
log. Anozie testified that, therefore, he could not verify Welch's claims. Instead, Anozie testified
that, during his supervision of Welch, only during one month did Welch perform more than ten hours
of community service; other months Welch did fewer than ten hours, and during one month Welch
performed no community service. Anozie told the trial court that Welch's community service hours
now averaged less than ten hours per month, so Welch was behind in his obligation under the terms
of the community supervision order. 
            On cross-examination, Anozie's testimony was somewhat unclear regarding the exact number
of hours Welch completed during any given month. Nonetheless, we cannot say the trial court
should have found Anozie's consistent testimony—that Welch's community service was not being
completed at an average of ten hours per month and that, as of the date of the revocation hearing,
Welch was behind in his obligation—incredible or untrustworthy. 
            Welch neither testified at the revocation hearing, nor presented any evidence regarding the
number of community service hours he worked. The trial court found true the State's allegation that
Welch had failed to work ten hours each month. We cannot say this finding is against the greater
weight of the credible evidence. Accordingly, we find the trial court's judgment to be based on a
reasonable belief that Welch had violated at least one condition of his community supervision. 
            Because we find the great weight of the credible evidence creates a reasonable belief that
Welch violated the condition of his community supervision requiring him to perform ten hours of
community service each month, we need not decide whether the evidence supports the trial court's
finding that Welch committed the new criminal offense of driving while intoxicated while on
community supervision in this case.
            We overrule Welch's sole point of error and affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice


Date Submitted:          November 13, 2003
Date Decided:             November 14, 2003

Do Not Publish