NO. 12-03-00089-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LARRY DALE REEDY,
§
 APPEAL FROM THE 124TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 Larry Dale Reedy ("Appellant") appeals the trial court's order revoking his probation,
following which he was sentenced to imprisonment for eight years. Appellant raises one issue on
appeal. We affirm.


Background

 Appellant was charged with possession of a controlled substance and pleaded "guilty." The
trial court found Appellant guilty and sentenced Appellant to imprisonment for eight years, but
suspended the imposition of Appellant's sentence and placed Appellant on probation for eight years. 
On January 14, 2003, the State filed a motion to revoke Appellant's probation alleging that he had
violated the terms of his probation by intentionally or knowingly possessing with intent to deliver
a controlled substance in violation of the law. Appellant pleaded "not true" to the allegations in the
State's motion and a hearing was conducted on the matter. Following the hearing, the trial court
found the allegations in the State's motion to be true, revoked Appellant's probation, and sentenced
Appellant to imprisonment for eight years. This appeal followed.


Revocation of Probation

 In his sole issue, Appellant argues that the trial court abused its discretion by revoking his
probation. The only question presented in an appeal from an order revoking probation is whether
the trial court abused its discretion in revoking the defendant's probation. See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation
proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

 As a general matter, a trial court possesses broad discretion in supervising those defendants
who are placed on community supervision. See Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App.
1999); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.-El Paso 2000, no pet.). The degree of the trial
court's discretion extends to revocation proceedings such that the trial court has considerable
discretion to modify, revoke, or continue the probation. Ex parte Tarver, 725 S.W.2d 195, 200
(Tex. Crim. App. 1986); Becker, 33 S.W.3d at 66. Given the trial court's wide discretion and the
unique nature of community supervision revocation proceedings, examination of a revocation order
for factually sufficient evidence is inappropriate. See, e.g., Becker, 33 S.W.3d at 66; Joseph v. State,
3 S.W.3d 627, 642 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Johnson v. State, 2 S.W.3d 685,
687 (Tex. App.-Fort Worth 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735-36 (Tex.
App.-Beaumont 1999, no pet.); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.-Houston [1st Dist.]
1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.-Waco 1996, pet. ref'd). As
such, the trial court is the exclusive judge of the credibility of the witnesses and determines if the
allegations in the motion are sufficiently demonstrated. See Greer v. State, 999 S.W.2d 484, 486
(Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). We view the evidence in the light most favorable
to the trial court's order. Id.

 In the instant case, the trial court heard testimony from confidential informant Justin Jackson
("Jackson") and two investigators, Dusty Flanagan ("Flanagan") and Blaine Shavers ("Shavers"),
among others. The force of such testimony was that Appellant sold Jackson a quantity of
methamphetamine. To the contrary, Appellant testified that his brother, James, sold the
methamphetamine to Jackson. In his brief, Appellant argues that the testimony of the State's
witnesses was not credible and that the trial court, therefore, abused its discretion in revoking
Appellant's probation. We disagree.

 The testimony of Jackson, Flanagan, and Shavers supports the trial court's finding that 
Appellant intentionally or knowingly possessed with intent to deliver a controlled substance. We
iterate that we must view the evidence in the light most favorable to the trial court's order and that
the trial court is the exclusive judge of the credibility of the witnesses and determines if the
allegations in the motion are sufficiently demonstrated. See Greer, 999 S.W.2d at 486. We conclude
that the evidence is sufficient to create a reasonable belief that a condition of community supervision
had been violated by Appellant as alleged in the motion to revoke. As such, we hold that the trial
court did not abuse its discretion in revoking Appellant's probation. Appellant's sole issue is
overruled.


Conclusion

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.








(DO NOT PUBLISH)