Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MERCED MARTINEZ SOLIS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-01-00466-CR


Appeal from the


112th District Court


of Pecos County, Texas


(TC# 2348)


M E M O R A N D U M O P I N I O N



 This is an appeal from an order revoking Appellant's felony probation. The court
revoked Appellant's probation and sentenced him to ten (10) years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. We reverse.

I. SUMMARY OF THE EVIDENCE


 On March 15, 2001, Appellant entered a plea of guilty to the offense of intoxication
manslaughter pursuant to a plea bargain. The plea bargain was stated in the guilty plea
stipulation and stated:

 I intend to enter a plea of guilty and the prosecutor will recommend that my
punishment should be set at ten (10) years' confinement in the Texas
Department of Criminal Justice, Institutional Division, placed on Community
Supervision for a period of ten (10) years, a fine in the amount of $5,000.00,
up to 180 days in the County Jail or until space is available in a Substance
Abuse Felony Punishment Facility, completion of the Substance Abuse Felony
Punishment Facility Program as a condition of Community Supervision, and
restitution in the amount of $35,380.38, and I agree to that recommendation. 
I waive any further time to prepare for trial to which I or may (sic) attorney
may be entitled. 


 Condition of community supervision number thirty read, in relevant part:

 Therefore, Defendant shall serve a term on not more than one (1) year or less
than six (6) months confinement and treatment in a substance abuse treatment
facility operated by the Texas Department of Criminal Justice. Upon release
of the Defendant from the facility, the Defendant shall participate in a drug or
alcohol abuse continuum of care treatment plan as directed by the community
supervision officer; . . . 


 On June 4, 2001, Margaret Contreras, a community supervision officer, filed a report
of probation violation indicating that Appellant could not comply with the above-mentioned
condition because he was not eligible to attend the Substance Abuse Felony Punishment
Facility because of his alien status in that the facility did not accept non-citizens. 

 On that same date, the State filed a motion to revoke Appellant's probation alleging
that he could not comply with condition of probation number thirty. A bench warrant was
requested and the motion read, " . . . cause a Bench Warrant be issued for the return of the
Defendant in order that justice may be done, and that the probation heretofore issued in this
cause should be revoked or in the alternative, that the Court allow the Defendant to withdraw
his plea of guilty and set this cause for trial." 

 At the hearing on the motion to revoke community supervision, the sole witness was
Margaret Contreras, a community supervision officer with the Crockett County Probation
Department. She was assigned Appellant's case. She testified that Appellant had been
removed from the substance abuse facility on the ground of ineligibility. Contreras testified
that Appellant was not currently enrolled in the program and he had not completed the
program. 

 On cross-examination, she stated that the only individuals not eligible from the facility
involved were certain sex offenders. She testified that the Immigration and Naturalization
Service made a random check of the facility and learned that Appellant was a resident alien. 
They placed a detainer on Appellant and informed the facility that they were going to
apprehend him. She stated that she was not aware that this would occur. Contreras also
testified that Appellant made known to her his status as a resident alien at the time she
explained his conditions of community supervision to him after he had entered his guilty
plea. 

 The court revoked Appellant's community supervision based on a violation of
condition thirty and sentenced Appellant to ten (10) years' imprisonment. 

II. DISCUSSION


 In Issue No. One, Appellant contends that the court abused its discretion by revoking
Appellant's probation because the State neither alleged nor proved a cognizable violation of
his conditions of community supervision. Therefore, the evidence was legally insufficient
to support the court's order revoking Appellant's probation. In Issue No. Two, Appellant
asserts that the court abused its discretion in revoking Appellant's community supervision
because the State compelled Appellant's removal from the substance abuse facility where he
had been placed by the trial court. The State's burden of proof in a revocation proceeding is
by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993). When the legal sufficiency of the evidence in support of a trial court's order revoking
probation is challenged, an appellate court reviews the evidence in the light most favorable
to the trial court's findings. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983);
Becker v. State, 33 S.W.3d 64, 66 (Tex. App.--El Paso 2000, no pet.). Further, appellate review
of an order revoking probation is limited to a determination of whether the trial court abused
its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Where the
State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an
order to revoke probation. Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App.
1984). The central issue to be determined is whether the Appellant was afforded due process
as guaranteed by the Fourteenth Amendment to the United States Constitution. Id. at 494. Specifically, Appellant contends that as he could not comply with condition number
thirty and that he did not voluntarily violate the condition of probation. The State agrees.
Further, Appellant suggests that he cannot have his community supervision revoked on that
ground. 

 The Texas Court of Criminal Appeals in Speth v. State, 6 S.W.3d 530 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000), wrote that
an award of community supervision is not a right, but a contractual privilege, and conditions
thereof are terms of the contract entered into between the trial court and the defendant.
Therefore, conditions not objected to are affirmatively accepted as terms of the contract.
Thus, by entering into the contractual relationship without objection, a defendant
affirmatively waives any rights encroached upon by the terms of the contract. A defendant
who benefits from the contractual privilege of probation, the granting of which does not
involve a systemic right or prohibition, must complain at trial to conditions he finds
objectionable. Speth, 6 S.W.3d at 534. Appellant's plea papers indicate that he was advised
that if he was not a citizen of the United States, a plea of nolo contendre could result in his
deportation. The question then is whether it was contingent upon Appellant to object to
condition number thirty knowing that he was an resident alien and this might effect his status
as a participant at the drug treatment facility? 

 It is clear from the testimony at the revocation hearing that neither Appellant, the
State, nor the court were aware of this possibility at the time Appellant entered his plea. We
liken this situation to the instances where due process violations have occurred in that the
order to report to the probation officer lacked specificity. See Carmona, 665 S.W.2d at 494-95. Here Appellant could not participate at the treatment center due to a matter unknown to
him, or anyone else involved, at the time he entered the plea. Accordingly, he could not
object to a contingency unknown to all involved. Further, he failure to attend the program
was not a volitional act on his part. Accordingly, we sustain Issues No. One and Two.


 Having sustained each of Appellant's issues on review, we reverse the order of the
trial court revoking Appellant's probation and order that his probationary status be re-instated. 

February 25, 2004



 RICHARD BARAJAS, Chief Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)