Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




LONELL GRIMES,

                              Appellant,

v.


THE STATE OF TEXAS,

                               Appellee.


§
 
§
 
§
 
§
 
§
 
 § 


No. 08-02-00531-CR

Appeal from the

120th District Court

of El Paso County, Texas

(TC# 980D03666)





MEMORANDUM OPINION

           Lonell Grimes appeals the trial court’s judgment revoking community supervision and
imposing the ten-year sentence previously assessed for his robbery conviction. We affirm.
I. FACTUAL SUMMARY
           On May 29, 1998, Appellant entered a negotiated plea of guilty to robbery as alleged
in Count I of the indictment. In accordance with the plea bargain, the trial court deferred
adjudicating Appellant’s guilt and placed him on deferred adjudication community
supervision for six years. The court subsequently found that Appellant had violated the terms
and conditions of community supervision and entered an adjudication of guilt. The court
assessed his punishment at imprisonment for ten years and sent Appellant to the Texas
Department of Criminal Justice’s Special Alternative Incarceration Program (Boot Camp). 
By December 14, 2000, Appellant had successfully completed Boot Camp; consequently, the
trial court suspended his sentence and placed Appellant on community supervision for the
remainder of his term. The trial court later modified the terms and conditions of community
supervision to require Appellant to participate in the Restitution Center Program (Condition
“m”). On October 29, 2002, the State filed a motion to revoke Appellant’s community
supervision alleging that he had violated several rules of the Restitution Center. Following
a contested hearing, the trial court revoked the order placing Appellant on community
supervision and imposed the sentence previously assessed.
II. REVOCATION OF COMMUNITY SUPERVISION
           In two points of error, Appellant contends that the evidence is legally and factually
insufficient to sustain the trial court’s determination that Appellant violated the terms and
conditions of community supervision. He does not state his argument in terms of an abuse
of discretion but instead cites the standards of review typically applied to issues involving
challenges to the legal and factual sufficiency of the evidence to support the elements of the
offense. We have previously determined that a probationer whose community supervision
has been revoked is not entitled to a factual sufficiency review of the trial court’s findings
because a revocation proceeding does not constitute a stage of a criminal prosecution even
though it results in the probationer’s loss of conditional liberty, and it is essentially an
administrative hearing. See Becker v. State, 33 S.W.3d 64, 66 (Tex. App.--El Paso 2000, no
pet.). Accordingly, we will review the trial court’s order under the traditional analysis.
A. Standard of Review
           In a community supervision revocation hearing, the State must establish by a
preponderance of the evidence that the defendant violated a condition of his probation. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Becker, 33 S.W.3d at 66. Thus, the
State must show that the greater weight of credible evidence before the court creates a
reasonable belief that a condition of probation has been violated, as alleged in the motion to
revoke. Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); Williams v. State,
910 S.W.2d 83, 85 (Tex. App.--El Paso 1995, no pet.). It is the duty of the trial court to
determine whether the allegations in the motion for revocation are true. Langford v. State,
578 S.W.2d 737, 739 (Tex. Crim. App. 1979) (opin. on reh’g); Becker, 33 S.W.3d at 66. In
making this determination, the trial court is the sole trier of the facts and the credibility of the
witnesses. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); Becker, 33 S.W.3d
at 66.
           When the State has satisfied its burden of proving the allegations by a preponderance
of the evidence, the decision whether to revoke community supervision is within the
discretion of the trial court. Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979);
Gordon v. State, 4 S.W.3d 32, 35 (Tex. App.--El Paso 1999, no pet.). Under such
circumstances, the trial court’s discretion is substantially absolute. Flournoy, 589 S.W.2d
at 708; Gordon, 4 S.W.3d at 35. Accordingly, the only question properly presented on appeal
is whether the trial court abused its discretion in revoking probation. Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981); Gordon, 4 S.W.3d at 35. If a single ground for
revocation is supported by a preponderance of the evidence and is otherwise valid, then an
abuse of discretion is not shown. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
1980); Gordon, 4 S.W.3d at 35.
B. No Abuse of Discretion
           The motion to revoke alleged that Appellant violated Condition “m” by violating the
rules of the Restitution Center in five respects:
(1) by getting a master key and opening the doors at the Restitution Center
without authorization;
 
(2) by failing to maintain employment;
 
(3) by having unauthorized visitors;
 
(4) by leaving his job site; and
 
(5) by taking the property of another resident without permission. 

The trial court, however, found only the second and fifth allegations “true”. 
           Antonio Gomez, Jr., the probation officer in charge of the Restitution Center, testified
at the revocation hearing. Gomez testified without objection that on March 18, 2002,
Appellant was not maintaining employment in violation of the Restitution Center rules. This
testimony is sufficient to support the trial court’s finding that Appellant violated Condition
“m” as alleged in the motion to revoke.
           Additionally, Appellant admitted to Gomez that he had another resident’s shoes in his
locker but claimed he did not know who put them there. The Restitution Center maintained
a list of every resident’s property and these shoes were not on Appellant’s list of property. 
Further, no other resident has a key to Appellant’s locker. The evidence is sufficient to
support the court’s determination that Appellant violated a Restitution Center rule, and thus,
violated Condition “m” as alleged in the motion to revoke. Accordingly, the trial court did
not abuse its discretion in revoking Appellant’s community supervision. We overrule Points
of Error One and Two and affirm the judgment revoking community supervision.
 
 
                                                                              RICHARD BARAJAS, Chief Justice
August 26, 2004

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.

(Do Not Publish)