EMORANDUM OPINION 







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
NORMAN LUSTER AGNEW, III,                    )                  No. 08-03-00462-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                 Criminal District Court No. 5
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0247830-TL)

O P I N I O N

            Norman Luster Agnew, III, appeals the revocation of his probation. The trial court assessed
his punishment at ten years in the Texas Department of Criminal Justice, Institutional Division. He
contends in eight issues that the trial court abused its discretion in revoking his probation because
the evidence was legally and factually insufficient to support conditions two, three, four, and five
of his probation. We affirm. 
            Our review of a community supervision revocation proceeding is limited to a determination
of whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App. 1983). In a community supervision revocation proceeding, the State bears the
burden to establish the alleged violations of the trial court’s order by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker v. State, 33 S.W.3d
64, 66 (Tex.App.--El Paso 2000, no pet.). That burden is met when the greater weight of the
evidence before the court creates a reasonable belief that the defendant violated a condition of
community supervision. Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. [Panel Op.] 1980);
Williams v. State, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no pet.). In determining whether the
allegations in the revocation motion are true, the trial court is the sole trier of facts, the credibility
of the witnesses, and the weight to be given the testimony. Taylor, 604 S.W.2d at 179; Becker, 33
S.W.3d at 66. This Court must view the evidence presented at the revocation proceeding in a light
most favorable to the trial court’s ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App.
[Panel Op.] 1981).
            When the State has sustained its burden of proving the allegation by a preponderance of
the evidence and no procedural obstacle is raised, the decision whether to revoke probation is within
the discretion of the trial court. Flournoy v. State, 589 S.W.2d 705, 708 (Tex.Crim.App. [Panel Op.]
1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). Under such
circumstances, the trial court’s discretion is substantially absolute. Flournoy, 589 S.W.2d at 708;
Gordon, 4 S.W.3d at 35. If a single ground for revocation is supported by a preponderance of the
evidence and is otherwise valid, then an abuse of discretion is not shown. Sanchez v. State, 603
S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980); Gordon, 4 S.W.3d at 35. 
            In issues one through eight, Agnew contends that the trial court abused its discretion in
revoking his probation because the evidence is legally and factually insufficient to support the
various grounds for revocation alleged and found to be true by the trial court. In issues three and
four, he contends that the trial court abused its discretion in revoking his probation because the
evidence is legally and factually insufficient to support the finding that he violated condition (a) of
his probation by fleeing from a peace officer attempting to arrest him. Elements of the offense of
evading arrest or detention are (1) a person (2) intentionally flees (3) from a peace officer (4) with
knowledge that he is a peace officer (5) where the peace officer is attempting to arrest the defendant
(6) and the attempted arrest is lawful. Johnson v. State, 634 S.W.2d 695 (Tex.Crim.App. 1982). 
            A factual sufficiency review is inapplicable to revocation proceedings. Becker, 33 S.W.3d
at 65-66.
            Officer Mark Swindell testified that he observed Agnew doing hand-to-hand drug
transactions in front of an apartment complex. He was in full police uniform. He related that he
observed Agnew putting a baggie with a substance he believed to be crack cocaine in his back
pocket. He said he identified himself as a police officer. Agnew fled when Swindell told him that
he was under arrest and attempted to arrest him. We hold that the evidence is sufficient to support
the revocation upon this ground. Consequently, the trial court did not abuse its discretion in
revoking Agnew’s probation. 
            As we understand Agnew’s contentions, he argues first that the evidence was insufficient to
support the revocation on this ground because Officer Swindell was conducting a Terry


 stop and
not making an arrest. As noted, Officer Swindell testified that he attempted to arrest Agnew. Agnew
does not specifically refer to any testimony showing that Officer Swindell was merely making a
Terry stop. Agnew also urges that Officer Swindell had no evidence that he was the person whom
Swindell was trying to arrest. As noted, Officer Swindell positively identified Agnew as the person
he saw selling drugs and attempted to arrest. Because the trial court did not abuse its discretion in
revoking Agnew’s probation, we overrule Agnew’s issues one through eight. 
            The order revoking Agnew’s community supervision is affirmed. 



March 17, 2005                                                           
                                                                                    JOHN HILL, Chief Justice (Ret.)


Before Panel No. 5
Barajas, C.J., Chew, J., and Hill, C.J. (Ret.)
Hill, C.J. (Ret.)(sitting by assignment)

(Do Not Publish)