Opinion filed October 23, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 23,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00023-CR 

                                                    __________

 

                                LARRY EDWARD BLAND, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 260th District Court

 

                                                         Orange
County, Texas

 

                                               Trial
Court Cause No. D030168-R

 



 

                                              M
E M O R A N D U M   O P I N I O N

 
This is an appeal from the trial court=s
judgment revoking Larry Edward Bland=s
community supervision.  We affirm.

                                                              I.
Background Facts








Bland
pleaded guilty to felony DWI (third offense).  The trial court convicted Bland
and sentenced him to confinement for ten years and a $1,500 fine.  Pursuant to
the plea bargain agreement, the trial court suspended the imposition of the
sentence and placed Bland on community supervision for ten years.  The State
filed a motion to revoke, and the trial court amended the terms and conditions
of Bland=s community
supervision.  The State subsequently filed a second motion to revoke.  The
trial court held a hearing and found that Bland had violated the terms and
conditions of his community supervision.  The trial court revoked Bland=s community supervision and
sentenced him to seven years confinement.

                                                                       II.
Issues

Bland
challenges his revocation with two issues.  Bland contends that the evidence
was insufficient to support his revocation and that he received ineffective
assistance of counsel.

                                                                   III.
Discussion

 A. 
Sufficiency of the Evidence.

Bland
argues that there was insufficient evidence to support the trial court=s decision to revoke his
community supervision because, if he committed a violation, that violation did
not justify revocation and because of the lack of evidence that incarceration
would serve society=s
best interest. Bland=s
argument is counter to the State=s
burden of proof and our standard of review.

1.  Burden of Proof and Standard of Review.  

The
State has the burden of showing by a preponderance of the evidence that Bland
violated the conditions of his community supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court=s order is reviewed under an abuse of
discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984).  The trial court is the sole judge of the credibility of the witnesses
and the weight to be given to their testimony, and the evidence is reviewed in
the light most favorable to the trial court=s
ruling. Cardona, 665 S.W.2d at 493.  If the State fails to meet its
burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Id. at 493‑94. Proof by a preponderance of
the evidence of any one of the alleged violations of the conditions of
community  supervision is sufficient to support a revocation order. Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(b) (Vernon Supp.
2008); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.CFort Worth 2005, pet. ref=d).  A claim of
insufficient evidence is limited to the traditional legal sufficiency analysis
that requires us to view the evidence in the light most favorable to the
decision to revoke; it does not extend to a factual sufficiency review.  Becker
v. State, 33 S.W.3d 64, 66 (Tex. App.CEl
Paso 2000, no pet.).








2.  The Evidence.

The
trial court found that Bland violated the terms and conditions of his community
supervision by failing two drug tests, by failing to report, and by being
delinquent on his fees and fines.  Each of these findings is supported by the
record.  Larry Dial, a supervisor with the Orange County Community Supervision
and Corrections Department, testified that Bland was behind on his fees and
fine and that he twice tested positive for methamphetamine.  Bland admitted
that he was behind on his payments and that he missed one reporting date.  He
attributed part of his deficiency to being in jail after the second motion to
revoke was filed but agreed that he was one and one-half months behind before
his arrest.  We note that, after his release from jail on bond, Bland was able
to purchase a new truck but was nonetheless unable to bring his community
supervision payments current.  The trial court had sufficient evidence to find
that Bland violated the terms and conditions of his community supervision and,
therefore, did not abuse its discretion by revoking Bland=s community supervision. 
Issue One is overruled.

B. 
Ineffective Assistance.

Bland
next argues that he had ineffective assistance of counsel.  Officer Dial
testified that he had supervised Bland since January 2007 and that on two
occasions Bland tested positive for methamphetamine.  Bland argues that his
counsel was ineffective for not objecting to this testimony. 

1.  Standard of Review.  








To
determine if trial counsel rendered ineffective assistance, we must first
determine whether Bland has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Bland must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991).  An allegation
of ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Under normal circumstances,
the record on direct appeal is insufficient to show that counsel=s representation was so
deficient and so lacking as to overcome the presumption that counsel=s representation was
reasonable and professional.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).

2.  Analysis.

Bland
contends that a reasonably prudent attorney would have objected to Officer Dial=s testimony because no
predicate had been laid for it.  Bland contends that his test results were
hearsay, that their admission required expert testimony, and that counsel=s failure to object was
harmful because his other two violations B
failure to report and failure to pay fees and fine B were technical violations and would not have
resulted in incarceration.

Based
upon the record before us, we cannot conclude that counsel was constitutionally
ineffective.  The State introduced evidence that the toxicology lab reports
were business records and offered test procedure and chain-of-custody
evidence.  The State=s
evidence was brief, and it is possible B
although far from certain B
that the trial court would have sustained a hearsay objection.  But even if we
assume so, we cannot conclude that the State would have been unable to lay the
proper predicate.  Our deferential review requires that we presume trial
counsel knew of the State=s
ability to respond to a lack-of-proper-predicate objection and, therefore, that
the decision not to object was a reasonable one.

Bland
also cites Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592
(1993), and argues that trial counsel should have required expert testimony
establishing the reliability of the State=s
drug tests.  Urinalysis for drugs such as methamphetamine is sufficiently well
established that we cannot conclude that trial counsel was ineffective for not
objecting on this basis.  Moreover, Bland=s
position was that his urine samples had been tampered with and that people were
lying and making up results.  Trial counsel could reasonably conclude that, if
he raised a Daubert challenge to the test results and the State brought
a lab representative in response, the ensuing testimony would have done
significant harm to Bland=s
position.  

Finally,
even if trial counsel erred by not objecting to the test results, Bland cannot
show harm.  The trial court was authorized to revoke Bland=s probation upon proof of
one violation.  It was undisputed that he was behind on his fees and fine and
that he missed one reporting date.  While Bland characterizes these as
technical violations B
a distinction for which we find no support in the law, these violations still
would authorize the trial court to revoke his community supervision.  








Bland=s characterization of his
violations must also be considered in light of the other evidence.  Bland
admitted that he had purchased a new truck after being released from jail and
that he had been driving it without the required interlock device; Bland had
numerous violations recorded by the interlock device on his other vehicle; the
trial court heard evidence that Bland tampered with that interlock device by
installing a jumper wire that made it possible to bypass the unit.  We note
that the trial court held that it would not consider Bland=s operation of a vehicle
without an interlock device because it occurred after the motion to revoke was
filed, but the court also announced that it was considering Bland=s improper conduct with
regard to the interlock device on his other vehicle.  Regardless of how Bland=s violations are
characterized, we cannot conclude that an objection to his drug test results
would have prevented the trial court from revoking his community supervision. 
Issue Two is overruled.

                                                                     IV.
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 23, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.