**Opinion filed October 23, 2008**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00023-CR

_____

## LARRY EDWARD BLAND, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 260th District Court**

**Orange County, Texas**

**Trial Court Cause No. D030168-R**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's judgment revoking Larry Edward Bland's community supervision. We affirm.

### I. *Background Facts*

Bland pleaded guilty to felony DWI (third offense). The trial court convicted Bland and sentenced him to confinement for ten years and a $1,500 fine. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the sentence and placed Bland on community supervision for ten years. The State filed a motion to revoke, and the trial court amended the terms

and conditions of Bland's community supervision.  The State subsequently filed a second motion to revoke.  The trial court held a hearing and found that Bland had violated the terms and conditions of his community supervision.   The trial court revoked Bland's community supervision and sentenced him to seven years confinement.

## II. *Issues*

Bland challenges his revocation with two issues.  Bland contends that the evidence was insufficient to support his revocation and that he received ineffective assistance of counsel.

## III. *Discussion*

### A.  *Sufficiency of the Evidence.*

Bland argues that there was insufficient evidence to support the trial court's decision to revoke his community supervision because, if he committed a violation, that violation did not justify revocation and because of the lack of evidence that incarceration would serve society's best interest. Bland's argument is counter to the State's burden of proof and our standard of review.

#### 1.  *Burden of Proof and Standard of Review.*

The State has the burden of showing by a preponderance of the evidence that Bland violated the conditions of his community supervision.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court's order is reviewed under an abuse of discretion standard.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493.  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision.   *Id.* at 493-94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp. 2008); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).  A claim of insufficient evidence is limited to the traditional legal sufficiency analysis that requires us to view the evidence in the light most favorable to the decision to revoke; it does not extend to a factual sufficiency review. *Becker v. State*, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.).

*2. The Evidence.*

The trial court found that Bland violated the terms and conditions of his community supervision by failing two drug tests, by failing to report, and by being delinquent on his fees and fines. Each of these findings is supported by the record. Larry Dial, a supervisor with the Orange County Community Supervision and Corrections Department, testified that Bland was behind on his fees and fine and that he twice tested positive for methamphetamine. Bland admitted that he was behind on his payments and that he missed one reporting date. He attributed part of his deficiency to being in jail after the second motion to revoke was filed but agreed that he was one and one-half months behind before his arrest. We note that, after his release from jail on bond, Bland was able to purchase a new truck but was nonetheless unable to bring his community supervision payments current. The trial court had sufficient evidence to find that Bland violated the terms and conditions of his community supervision and, therefore, did not abuse its discretion by revoking Bland's community supervision. Issue One is overruled.

*B. Ineffective Assistance.*

Bland next argues that he had ineffective assistance of counsel. Officer Dial testified that he had supervised Bland since January 2007 and that on two occasions Bland tested positive for methamphetamine. Bland argues that his counsel was ineffective for not objecting to this testimony.

*1. Standard of Review.*

To determine if trial counsel rendered ineffective assistance, we must first determine whether Bland has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Bland must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Under normal circumstances, the record on direct appeal is insufficient to show that counsel's representation was so deficient and so lacking as to overcome the

3

presumption that counsel's representation was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

### 2. *Analysis*.

Bland contends that a reasonably prudent attorney would have objected to Officer Dial's testimony because no predicate had been laid for it. Bland contends that his test results were hearsay, that their admission required expert testimony, and that counsel's failure to object was harmful because his other two violations – failure to report and failure to pay fees and fine – were technical violations and would not have resulted in incarceration.

Based upon the record before us, we cannot conclude that counsel was constitutionally ineffective. The State introduced evidence that the toxicology lab reports were business records and offered test procedure and chain-of-custody evidence. The State's evidence was brief, and it is possible – although far from certain – that the trial court would have sustained a hearsay objection. But even if we assume so, we cannot conclude that the State would have been unable to lay the proper predicate. Our deferential review requires that we presume trial counsel knew of the State's ability to respond to a lack-of-proper-predicate objection and, therefore, that the decision not to object was a reasonable one.

Bland also cites *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993), and argues that trial counsel should have required expert testimony establishing the reliability of the State's drug tests. Urinalysis for drugs such as methamphetamine is sufficiently well established that we cannot conclude that trial counsel was ineffective for not objecting on this basis. Moreover, Bland's position was that his urine samples had been tampered with and that people were lying and making up results. Trial counsel could reasonably conclude that, if he raised a *Daubert* challenge to the test results and the State brought a lab representative in response, the ensuing testimony would have done significant harm to Bland's position.

Finally, even if trial counsel erred by not objecting to the test results, Bland cannot show harm. The trial court was authorized to revoke Bland's probation upon proof of one violation. It was undisputed that he was behind on his fees and fine and that he missed one reporting date. While Bland characterizes these as technical violations – a distinction for which we find no support in the law, these violations still would authorize the trial court to revoke his community supervision.

4

Bland's characterization of his violations must also be considered in light of the other evidence. Bland admitted that he had purchased a new truck after being released from jail and that he had been driving it without the required interlock device; Bland had numerous violations recorded by the interlock device on his other vehicle; the trial court heard evidence that Bland tampered with that interlock device by installing a jumper wire that made it possible to bypass the unit. We note that the trial court held that it would not consider Bland's operation of a vehicle without an interlock device because it occurred after the motion to revoke was filed, but the court also announced that it was considering Bland's improper conduct with regard to the interlock device on his other vehicle. Regardless of how Bland's violations are characterized, we cannot conclude that an objection to his drug test results would have prevented the trial court from revoking his community supervision. Issue Two is overruled.

IV. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


October 23, 2008

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5