Opinion filed June 1, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 1, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00015-CR

                                                    __________

 

                               JAMES
ARCIGA GALINDO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland County, Texas

 

                                                 Trial
Court Cause No. CR26884

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment revoking
community supervision.  We affirm.








James Arciga Galindo was originally convicted of
the third degree felony offense of driving while intoxicated.  Punishment was assessed at confinement for
ten years and a $1,500 fine.  However,
the imposition of the confinement portion of the sentence was suspended, and
appellant was placed on community supervision for five years.  Later, appellant=s
community supervision was extended two years. 
After a hearing on the State=s
motion to revoke, the trial court found that appellant violated the terms and
conditions of his community supervision, revoked his community supervision, and
imposed a sentence of confinement for eight years.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  

Counsel presents two potential points of error
suggesting that the trial court abused its discretion and that the evidence is
factually insufficient.  After reviewing
the record, we agree with counsel=s
conclusion that the trial court did not abuse its discretion.  As counsel notes, the factual sufficiency
standard of review does not apply to the revocation of community
supervision.  Pierce v. State, 113
S.W.3d 431, 436 (Tex. App.CTexarkana
2003, pet. ref=d); Cochran
v. State, 78 S.W.3d 20, 27 (Tex. App.CTyler
2002, no pet.); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.CEl Paso 2000, no pet.); Brumbalow v.
State, 933 S.W.2d 298, 299 (Tex. App.CWaco
1996, writ ref=d); see
also Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d). 


Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s brief.  A response has been filed.  Court-appointed counsel has complied with the
requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

In his response, appellant states that he feels
his trial attorney did not do his job. 
He also contends that he had accepted a plea bargain of four years for
the revocation. The record before this court does not support these
contentions.  However, the record does
reflect that trial counsel provided reasonably effective assistance of
counsel.  Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim.
App.1999).  The record also reflects
that, at the beginning of the revocation hearing, trial counsel informed the
trial court that appellant Awould
entertain@ the
State=s lower
offer Aif the
Court is of a mind that we might still do so.@  The trial court informed the parties that it
was too late, and both the State and appellant=s
trial counsel agreed to proceed. 
Appellant has not presented any arguable grounds.








Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that in a
community supervision revocation hearing, the State has the burden of proving
by a preponderance of the evidence that a condition of community supervision
has been violated.  Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993);  Jenkins v. State, 740 S.W.2d 435 (Tex.
Crim. App. 1983).  Appellate review of an
order revoking community supervision is limited to the issue of whether the
trial court abused its discretion.  Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979).  

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

June 1, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.