Thurman O'Neil **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–94–00315–CR.

Court of Appeals of Texas,
El Paso.

Sept. 28, 1995.

George Patton, Midland, for appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Midland, for appellee/state.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

Thurman O'Neil Williams appeals a judgment revoking his adult probation for the offense of aggravated assault of a peace officer and imposing a sentence of imprisonment for a term of five years in the Texas Department of Criminal Justice, Institutional Division. We affirm.

## I. SUMMARY OF THE EVIDENCE

The indictment charged Appellant with aggravated assault of a peace officer. The trial court, pursuant to a plea bargain, initially deferred entering a finding of guilt and instead placed Appellant on probation for a term of five years. The State filed a motion to revoke Appellant's probation in 1991, which resulted in the imposition of a 90–day jail sentence as a sanction for Appellant's failure to report or pay his probation fees. In 1993, the State again pursued a motion to revoke Appellant's probation for committing several offenses, failing to report, and failing to pay probation fees. Appellant entered a plea of true to the allegations, and pursuant to a plea agreement, the court entered an adjudication of guilt and assessed Appellant's punishment at imprisonment for a term of five years. The court suspended that sentence and again placed Appellant on probation for a term of five years.

The State filed a motion to revoke Appellant's probation on July 21, 1994, and an amended motion on August 10, 1994. The amended motion alleged that Appellant had violated the terms and conditions of probation by committing the offenses of reckless conduct and unlawful possession of a firearm, by failing to pay his probation fees on numerous occasions, and by failing to report for several months in early 1994. After a contested revocation hearing, the court found the allegations concerning the failure to report and the commission of the two offenses

to be true and imposed the five-year prison sentence previously assessed. Appellant attacks the trial court's judgment by eleven points of error.

## II. *DISCUSSION*

■ In a proceeding to revoke probation, the burden of proof is upon the State to show by a preponderance of the evidence that the probationer has violated the conditions of probation as alleged in the motion to revoke probation. *Jenkins v. State,* 740 S.W.2d 435, 437 (Tex.Crim.App.1983). The State satisfies the burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that a condition of probation has been violated, as alleged in the motion to revoke. *Jenkins,* 740 S.W.2d at 437; *Battle v. State,* 571 S.W.2d 20, 21–22 (Tex.Crim.App. [Panel Op.] 1978); *Reid v. State,* 834 S.W.2d 125 (Tex. App.—Houston [1st Dist.] 1992, no pet.). When the State has sustained its burden, the decision whether to revoke probation is within the discretion of the trial court. *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); *Ortega v. State,* 860 S.W.2d 561, 564 (Tex.App.—Austin 1993, no pet.). In a revocation proceeding, the trial court is the trier of fact and the judge of the credibility of the witnesses and the weight of the testimony. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App.1981). On appeal, we review the evidence in the light most favorable to the trial court's judgment. *Ortega,* 860 S.W.2d at 564; *Galvan v. State,* 846 S.W.2d 161, 162 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

In Points of Error Nos. Three and Six, Appellant asserts that the evidence is insufficient to support the trial court's finding that he violated his probation by committing reckless conduct. The amended motion to revoke alleged that Appellant violated his probation as follows:

> The Defendant, THURMAN O'NEIL WILLIAMS, has violated the terms and conditions of his probation that he neither

commit nor be convicted of any offense against the laws of this state or of the United States; to wit,

> That on the 11th day of July, 1994, in the County of Reeves, State of Texas, the Defendant, THURMAN O'NEIL WILLIAMS, did unlawfully commit the offense of Reckless Conduct by pointing a firearm, to wit: Pistol, at Reecia Jekins (sic), at 902 East 9th Street, Pecos, Reeves County, Texas.[1]

Appellant argues that the State failed to establish that the object he pointed at Reecia Jenkins was a firearm. Jenkins testified that she saw Appellant in July of 1994 at an outdoor party. Appellant called Jenkins over to speak to him and asked her to braid his wife's hair. When Jenkins stated that she could not do it, Appellant pulled a pistol out of his pocket, pointed it at Jenkins' foot, and said to her, "Oh, yes, you can." Frightened, Jenkins and a friend ran away from Appellant. After Appellant put the gun away, Jenkins returned and exchanged words with him. Appellant told Jenkins to go get her nephew Myron and he would shoot both of them. Jenkins examined photographs of a black Marksman air pistol that Appellant turned over to police on the day following this incident, and testified that it was not the same pistol that Appellant had pointed at her. She said that the handgun he pointed at her was a revolver. The air pistol Appellant turned over to police is similar in appearance to a semi-automatic handgun, and does not resemble a revolver. Two of Appellant's cousins testified that they saw Appellant in possession of only an air pistol at the party. One of them saw Appellant point the air pistol at Jenkins' feet. Appellant also testified that he had the air pistol at the party, but he denied pointing it at Jenkins or threatening to shoot Jenkins or Myron.

■ While the evidence is conflicting with regard to whether the weapon Appellant pointed at Jenkins was a firearm or an air

---

1. A person commits reckless conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. Tex.Penal Code Ann. § 22.05(a) (Vernon 1994). Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded. Tex.Penal Code Ann. § 22.05(b) (Vernon 1994). For convenience, we cite to the current version of Section 22.05 because the 1993 amendments to the Penal Code made no changes to the statute.

pistol, the trial court could have believed Jenkins and disbelieved Appellant and the other witnesses. Accordingly, we find that the State proved the allegation by a preponderance of the evidence. Points of Error Nos. Three and Six are overruled.

In the remainder of his brief, Appellant raises several points of error in which he contends that the State failed to prove that he violated his probation by failing to report and by committing the offense of possession of a firearm by a felon. Because we have found support in the record for one of the violations found by the trial court, it alone is sufficient to support the trial court's decision to revoke Appellant's probation. *See Hendley v. State,* 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (proof of a single violation is sufficient to support revocation); *Reynolds v. State,* 746 S.W.2d 536, 537 (Tex.App.—Texarkana 1988, no pet.) (same). Consequently, it is unnecessary to address the merits of the remaining nine points of error. TEX.R.APP.P. 90(a).

Having overruled Points of Error Nos. Three and Six, and further having found that it is unnecessary to address the merits of the remaining nine points of error, we affirm the judgment of the trial court.