TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00487-CR






Kenneth Eugene Drone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 17,913, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






PER CURIAM


 Appellant Kenneth Eugene Drone appeals from an order revoking his probation, after
which he was sentenced to six years' confinement in prison. On January 28, 1992, appellant entered a plea
of guilty to committing arson and was placed on probation for a period of six years. On July 29, 1993, the
State filed an amended motion to revoke appellant's probation. Following a revocation hearing, the trial
court found that appellant violated several conditions of his probation including failure to (1) report to his
probation officer on several occasions; (2) pay restitution of $500 in $25 monthly installments and that
currently he was $350 delinquent; (3) pay a supervisory fee of $40 per month and that currently he was
$665 delinquent; and (4) pay attorney's fees of $125 in monthly installments and that currently he was
$69.50 delinquent. By two points of error, appellant contends that the trial court abused its discretion by
revoking his probation because the evidence submitted by the State at the hearing was insufficient to show
that he failed to meet the conditions of his probation requiring him to report to his probation officer and to
make certain required payments. We will affirm the trial court's order.

 In a probation revocation proceeding, the State must show by a preponderance of the
evidence that the probationer has violated the conditions of probation as alleged in the revocation motion. 
Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso 1995, no pet.) (citing Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1983)). The State satisfies this burden when the greater weight of
credible evidence creates a reasonable belief that a condition of probation has been violated as alleged in
the motion to revoke. Id. When the State has sustained its burden, the decision whether to revoke
probation is within the trial court's discretion. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App.
1979). In a revocation proceeding, the judge is the sole fact finder, and an appellate court reviews the
evidence in a light most favorable to the revocation decision. Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). 
Only one ground for revocation need be proved to sustain the trial court's revocation order. Sanchez v.
State, 602 S.W.2d 869, 871 (Tex. Crim. App. 1980); Jones v. State, 571 S.W.2d 191, 193-94 (Tex.
Crim. App. 1978). 

 By his first point of error, appellant contends that the State failed to show that appellant did
not report to his probation officer as directed because the State presented no evidence of how or exactly
when appellant was to report. The State alleged in its amended motion to revoke that appellant violated
condition 5 of the terms of his probation. Condition 5 provides:

5. Report in writing and in person to the 20th Judicial District Adult Probation Officer,
Milam County, Texas, on the 28th day of January, 1992, and by the 7th day of each
month thereafter unless otherwise directed by the Court.



 At the hearing, the State called Cindy Ebersol, appellant's supervising probation officer with
the Milam County Community Supervision and Corrections Department. At the beginning of appellant's
probationary period, she gave appellant a copy of the terms and conditions of his probation and advised
him to report to her every month. Condition 5 of appellant's probationary terms required that he report
by the 7th of each month to the probation officer for Milam County. Ebersol maintained a file on appellant. 
She testified that appellant failed to report in writing or in person during March, April, May, June, July,
August, September, October, November, and December of 1992. Additionally, he failed to report in
writing or in person during May, June, and July, of 1993. Appellant reported in the months of January and
February 1992, January, February, March, and April of 1993. Appellant provided no controverting
testimony to show that he reported to Ebersol during the months in which Ebersol testified he did not
report.

 The State met its burden to show that the greater weight of credible evidence created a
reasonable belief that appellant failed to report as required by condition 5 of his probation. With the trial
court as the sole fact finder, and our reviewing the evidence in a light most favorable to the revocation
decision, we cannot say that the trial court abused its discretion in deciding to revoke appellant's probation
based upon his failure to report to the adult probation officer. We overrule point of error one. 

 By point of error two, appellant contends that the trial court abused its discretion by
revoking his probation because the evidence at the hearing was insufficient regarding appellant's
delinquency in paying restitution and fees. We do not address appellant's second point of error since the
State is required to show only one basis for revoking probation and we have determined that the trial court
did not abuse its discretion by revoking probation based upon appellant's failure to report to his probation
officer. Sanchez, 602 S.W.2d at 871; Jones, 571 S.W.2d at 193-94.

 The trial-court order is affirmed. 


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 11, 1997

Do Not Publish



="font-family: CG Times Regular"> In a probation revocation proceeding, the State must show by a preponderance of the
evidence that the probationer has violated the conditions of probation as alleged in the revocation motion. 
Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso 1995, no pet.) (citing Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1983)). The State satisfies this burden when the greater weight of
credible evidence creates a reasonable belief that a condition of probation has been violated as alleged in
the motion to revoke. Id. When the State has sustained its burden, the decision whether to revoke
probation is within the trial court's discretion. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App.
1979). In a revocation proceeding, the judge is the sole fact finder, and an appellate court reviews the
evidence in a light most favorable to the revocation decision. Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). 
Only one ground for revocation need be proved to sustain the trial court's revocation order. Sanchez v.
State, 602 S.W.2d 869, 871 (Tex. Crim. App. 1980); Jones v. State, 571 S.W.2d 191, 193-94 (Tex.
Crim. App. 1978). 

 By his first point of error, appellant contends that the State failed to show that appellant did
not report to his probation officer as directed because the State presented no evidence of how or exactly
when appellant was to report. The State alleged in its amended motion to revoke that appellant violated
condition 5 of the terms of his probation. Condition 5 provides:

5. Report in writing and in person to the 20th Judicial District Adult Probation Officer,
Milam County, Texas, on the 28th day of January, 1992, and by the 7th day of each
month thereafter unless otherwise directed by the Court.



 At the hearing, the State called Cindy Eberso