TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00707-CR






Juan Lira, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 95-422-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






PER CURIAM


 The State filed a motion to revoke appellant's probation. (1) The trial court found appellant
had violated a condition of his probation by intentionally and knowingly possessing a set of knuckles, a
prohibited weapon. See Tex. Penal Code Ann. § 46.05(a)(6) (West 1994). The court revoked
appellant's probation and sentenced him to ten years in jail. By one point of error, appellant contends that
the trial court erred by revoking his probation because legally insufficient evidence supports the court's
finding that appellant possessed a set of knuckles. We will affirm the trial court's order.

 In a probation revocation proceeding, the State must show by a preponderance of the
evidence that the probationer has violated one or more conditions of probation as alleged in the revocation
motion. Williams v. State, 910 S.W.2d 83. 85 (Tex. App.--El Paso 1995, no pet.) (citing Jenkins v.
State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983)). The State satisfies this burden when the greater
weight of credible evidence creates a reasonable belief that a condition of probation has been violated as
alleged in the motion to revoke. Id. When the State has sustained its burden, the decision whether to
revoke probation is within the trial court's discretion. Flournoy v. State, 589 S.W.2d 705, 708 (Tex.
Crim. App. 1979). In a revocation proceeding the judge is the sole fact finder, and an appellate court
reviews the evidence in a light most favorable to the trial court's decision. Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. 1981); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993,
no pet.). Only one ground for revocation need be proved to sustain the trial court's revocation order. 
Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Williams 910 S.W.2d at 85. One
term of appellant's probation ordered that he commit no offense against the laws of the State.

 On April 27, 1996, Georgetown police officers were called to the Days Inn of Georgetown
to investigate suspicious activity in one of the guest rooms which was registered to Porfirio Diaz. The police
learned of an outstanding arrest warrant for Diaz. The police entered the room to make the arrest and
found appellant and several people in the room. After the officers secured everyone in the room and
identified Diaz, they observed marihuana in plain view. A subsequent search of the room revealed
additional marihuana and crack cocaine. A pat down search of appellant led to the discovery of a set of
hard plastic knuckles in appellant's front pants pocket. The set of knuckles was admitted as evidence at
the revocation hearing. Although by its motion, the State alleged several probation violations, at the
hearing, the court found only one violation--that appellant violated a law of this State by intentionally or
knowingly possessing a prohibited weapon, knuckles.

 By his one point of error, appellant contends that the trial court erred in revoking his
probation because the State did not prove by a preponderance of the evidence that the device admitted
at the hearing met the statutory definition of a set of knuckles. 

 Knuckles are defined as any instrument that consists of finger rings or guards made of a
hard substance and that is designed, made, or adapted for the purpose of inflicting serious bodily injury or
death by striking a person with a fist enclosed in the knuckles. Tex. Penal Code Ann. 46.01 (West 1994). 
Appellant concedes that the testimony and the device admitted at the hearing satisfies the portion of the
definition requiring that the "finger rings or guards [be] made of a hard substance." Appellant contends,
however, that the State failed to show that the device was "designed, made, or adapted for the purpose
of inflicting serious bodily injury or death." Additionally, appellant contends that the State failed to show
that the device was "used by enclosing the fist in the knuckles." Appellant argues that the testimony showed
only that the device could cause bodily injury or death if someone was hit with "a fist closed around the
knuckles." 

 The trial court was able to observe the device found on appellant since it was admitted at
the hearing without objection. On appeal, a photocopy of the device was submitted with the record. We
agree with appellant that the oral testimony at the hearing does not track exactly the statutory language used
in defining knuckles. However, we conclude that the trial court did not err in finding that the device police
officers found in appellant's front pocket was a set of knuckles. It is obvious from the photocopy of the
device that the item, if made of a hard substance, which is not in dispute, is a set of knuckles. Additionally,
we hold that the complaint about the statutory language being "enclosed in the knuckles" as opposed to the
oral testimony "enclosed around the knuckles" is a distinction without a difference. When looking at the
photocopy of the device if one inserts fingers through the finger guards, the fist will not only be enclosed
around a portion of the knuckles but also the fist will be enclosed in a portion of the knuckles. 

 The State met its burden to show that the greater weight of credible evidence created a
reasonable belief that appellant possessed a set of knuckles which was a violation of the conditions of his
probation. With the trial court as the sole fact finder, and our reviewing the evidence in a light most
favorable to the revocation decision, we cannot say that the trial court abused its discretion in deciding to
revoke appellant's probation. We overrule appellant's point of error and affirm the trial-court order.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 11, 1997

Do Not Publish

1.   Appellant was on probation for possession of marihuana with intent to deliver committed in 1995.


Tex. App.--Austin 1993,
no pet.). Only one ground for revocation need be proved to sustain the trial court's revocation order. 
Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Williams 910 S.W.2d at 85. One
term of appellant's probation ordered that he commit no offense against the laws of the State.

 On April 27, 1996, Georgetown police officers were called to the Days Inn of Georgetown
to investigate suspicious activity in one of the guest rooms which was registered to Porfirio Diaz. The police
learned of an outstanding arrest warrant for Diaz. The police entered the room to make the arrest and
found appellant and several people in the room. After the officers secured everyone in the room and
identified Diaz, they observed marihuana in plain view. A subsequent search of the room revealed
additional marihuana and crack cocaine. A pat down search of appellant led to the discovery of a set of
hard plastic knuckles in appellant's front pants pocket. The set of knuckles was admitted as evidence at
the revocation hearing. Although by its motion, the State alleged several probation violations, at the
hearing, the court found only one violation--that appellant violated a law of this State by intentionally or
knowingly possessing a prohibited weapon, knuckles.

 By his one point of error, appellant contends that the trial court erred in revoking his
probation because the State did not prove by a preponderance of the evidence that the device admitted
at the hearing met the statutory definition of a set of knuckles. 

 Knuckles are d