COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JESUS AARON RAMIREZ,                                 )

                                                                              )              
No.  08-02-00331-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )               
161st District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Ector County, Texas

Appellee.                           )

                                                                              )                   (TC# B-27,431)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Jesus
Aaron Ramirez, appeals the revocation of his community supervision.  His sole issue on appeal is whether the trial
court abused its discretion by revoking his community supervision when the
evidence was neither legally or factually sufficient to support the
revocation.  We affirm. 








On November 15,
1999, Appellant pled guilty for the delivery of a controlled substance,
specifically cocaine.  That same day, the
trial court probated Appellant=s
sentence of 10 year=s
imprisonment and placed Appellant on community supervision for a period of 10
years.  On May 22, 2002, the State
filed a motion to revoke his community supervision alleging Appellant had
violated the terms and conditions of community supervision.  At a hearing held on July 10, 2002, the trial
judge found that Appellant had violated the terms of his community supervision
by committing the offense of possession of marijuana and revoked his community
supervision.  Appellant was sentenced to
ten years=
confinement.  Appellant now timely
appeals the trial court=s
decision.

DISCUSSION

In a single issue
for review, Appellant challenges the legal and factual sufficiency of the
evidence to support the revocation of his community supervision.  Our review of an order revoking probation is
limited to a determination of whether the trial court abused its
discretion.  See Jackson v. State,
645 S.W.2d 303, 305 (Tex.Crim.App. 1983). 
The State has the burden to create a reasonable belief that a condition
of probation has been violated as alleged in the motion to revoke by a
preponderance of the evidence.  See
Battle v. State, 571 S.W.2d 20, 21 (Tex.Crim.App. 1978); Williams v.
State, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no pet.).  The State satisfies the burden of proof when
the greater weight of the credible evidence before the court creates a
reasonable belief that a condition of probation has been violated, as alleged
in the motion to revoke probation.  See
Battle, 571 S.W.2d at 21-2; Williams, 910 S.W.2d at 85.  If the State fails to meet its burden of
proof, the trial court abuses its discretion in issuing an order to revoked
probation.  See Cardona v. State,
665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984). 
In a revocation proceeding, the trial court is the sole fact finder and
judge of the credibility of the witnesses and the weight of the evidence.  See Naquin v. State, 607 S.W.2d 583,
586 (Tex.Crim.App. 1980).  On appeal, we
review the evidence in the light most favorable to the trial court=s judgment.  Williams, 910 S.W.2d at 85.








At the hearing,
the State called Sergeant Investigator Miguel Cordero to testify in support of
the allegations in the motion to revoke. 
Sergeant Cordero testified that on April 9, 2002, the date Appellant was
alleged to have possessed marijuana, he was acting undercover attempting to
conduct a drug transaction.  He testified
that a few days before, he had been contacted by some Mexican nationals about
the possibility of him transporting a load of marijuana from the Presidio area
to Odessa.  After meeting with these
individuals, Sergeant Cordero testified that the plans to transport
approximately 200 lbs. of marijuana were finalized.  Apparently, Sergeant Cordero would be
receiving a phone call from the individuals in Odessa who would be picking up
the marijuana, the final step for completion of the drug transaction.  On April 8, 2002, Sergeant Cordero was
contacted by an individual whom he did not recognize nor could he identity as
the Appellant, and was told that the transfer of the drugs would take place
around noon time the following day.  The
following day, he was contacted again and told to go to Arroyos Little Grocery
and wait for a red and white pick-up truck to arrive.








Sergeant Cordero
and Sergeant Investigator Roman Rodriguez arrived at the Arroyos Little Grocery
store at around 3:25 p.m.  Shortly
thereafter, a red and white pick-up truck pulled up next to their vehicle.  Inside the pick-up truck were two men.  Sergeant Cordero exited his vehicle and
walked towards the pick-up truck.  The
rear passenger window of the truck was lowered and Appellant, who was the
driver of the truck, told Sergeant Cordero to get inside the vehicle.  Sergeant Cordero told Appellant that he was
not getting inside the vehicle and instead asked the passenger whether he had
the money.  The passenger, later
identified as Ramon Galindo, exited the truck and both he and Sergeant Cordero
proceeded to the back of the pick-up truck to unload the marijuana from Sergeant
Cordero=s vehicle
into Appellant=s
truck.  During all this time, Sergeant
Cordero testified that Appellant did not appear surprised or react in any
manner either to hearing the word marijuana or to what has happening.  Finally, Sergeant Cordero testified that some
of the marijuana was wrapped in clear plastic and could be easily identified;
some of the other bundles were packaged in gunny sacks and the contents could
not be seen, but the smell of marijuana was detectable.  

Sergeant
Investigator Roman Rodriguez who accompanied Sergeant Cordero on this
undercover operation was also called to testify on the State=s behalf.  Sergeant Rodriguez never exited the vehicle,
but at some point while the transaction was taking place, he turned over to
observe what Appellant was doing and it was then that he and Appellant made eye
contact; he testified that he shook his head at Appellant and Appellant did the
same in return.  He also testified that
Appellant=s truck
windows were tinted, but that at some point, Appellant rolled down the window
and observed what Sergeant Cordero and Mr. Galindo were doing in the rear of
his truck.

State Trooper
Stacy Holland was called on to testify as well. 
Trooper Holland was also a team member of this undercover operation and
was in charge of conducting the traffic stop of Appellant=s vehicle.  Trooper Holland testified that when he made
contact with Appellant=s
truck, he turned on the camera in his vehicle. 
After Appellant ran a red light, Trooper Holland turned on the vehicle=s lights, but Appellant did not pull
over.  Trooper Holland then turned on the
vehicle=s siren,
and shortly thereafter, Appellant turned into a private drive.  The truck was registered in Appellant=s name.








Appellant also
testified at the hearing on his own behalf. 
Appellant testified that on the day in question, his second cousin, Mr.
Galindo arrived at his home around noon and asked Appellant for a ride in order
to pick-up some money that he was borrowing. 
While Mr. Galindo and Sergeant Cordero were transferring the drugs from
one vehicle to another, Appellant was talking on his cell phone and was not
even curious about what these men were doing. 
He further testified that he may have looked back as Sergeant Rodriguez
had testified, but that it was probably at a moment when Sergeant Cordero and
Mr. Galindo were not doing anything. 
Appellant also testified that he was no stranger to marijuana since he had
used marijuana in the past.  However,
Appellant claimed that he had no intention to possess marijuana or knowledge
that there was marijuana in the bed of his pick-up truck.  It was not until Trooper Holland was
attempting to pull Appellant over that Mr. Galindo told Appellant that he had
placed marijuana in the bed of Appellant=s
truck.  Appellant=s
explanation as to why he did not pull over right away was because he was not
thinking at the time, but that as soon as he did realize that Trooper Holland
was behind him, he immediately pulled over. 
At the conclusion of Appellant=s
testimony, defense counsel closed and the court rendered its decision.  In doing so, the trial judge indicated that
after hearing the evidence presented, he was persuaded to believe the
allegation against the Appellant was true.

In his brief,
Appellant argues that the evidence supporting his conviction of knowingly
possessing marijuana which allowed the court to revoke his community
supervision, was legally and factually insufficient to show an affirmative link
between himself and the contraband. 
Appellant further challenges the factually sufficiency of Sergeant
Cordero=s testimony
that Appellant had asked him to get inside the truck and the conversation
Sergeant Cordero had with Mr. Galindo regarding the money in the presence of
Appellant.  








Having reviewed
the entire evidence, we find that the trial court, as sole judge of the weight
of the evidence and credibility of the witnesses, could have found Sergeant
Cordero=s
testimony credible and that the State properly met its burden of proof.  Reviewing the evidence in the light most
favorable to the trial court=s
judgment, we find that there is ample evidence in the record before us to
support the trial court=s
finding that Appellant violated a condition of his community supervision.  We therefore overrule Appellant=s sole issue for review and conclude
that the trial court did not abuse its discretion in revoking Appellant=s community supervision.

Accordingly, we affirm the trial
court=s
judgment revoking Appellant=s
community supervision.

 

 

April
15, 2004  

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)