COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








EX PARTE JOSE LUIS ESTRADA.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00406-CR



Appeal from the


205th District Court


of El Paso County, Texas


(TC#990D04846)



O P I N I O N


 This is an appeal from the court's denial of relief on Applicant's writ of habeas corpus. We
affirm.

I. SUMMARY OF THE EVIDENCE


 Applicant, Jose Luis Estrada, was indicted for driving while intoxicated, third or more. The
indictment alleged two prior driving-while-intoxicated offenses: (1) one that occurred on
November 13, 1998, in cause number 980C05163, and (2) one that occurred on November 13, 1998,
in cause number 980C10289. On September 14, 2001, pursuant to a plea bargain, Applicant pleaded
guilty to the DWI, and he pleaded true to the enhancement allegations. Applicant was placed on
community-supervision probation for ten years. No appeal was taken.

 On November 30, 2005, the State filed a motion to revoke probation. The motion to revoke
alleged that Applicant violated the terms and conditions of his probation by: (1) committing the
offense of driving while intoxicated, in violation of condition "a.," which forbade his committing
an offense against state or federal law; (2) failing to be within his residence between the hours of 8
p.m. and 6 a.m., in violation of condition "h.(5)," which subjected him to a curfew between those
hours; and (3) consuming an alcoholic beverage, in violation of condition "b.(1)," which forbade,
inter alia, his consumption of "any alcoholic beverage." (1)

 Applicant filed an application for a post-conviction writ of habeas corpus on December 7,
2005, and, after hearings on the writ of habeas corpus and the motion to revoke were held on the
same day, the court denied relief on the writ and granted the State's motion to revoke probation. On
December 16, 2005, the court sentenced Applicant to four years' confinement.

 In Applicant's application for post-conviction writ of habeas corpus, he alleged that his
felony DWI conviction was void, because the 1998 DWI convictions used for enhancement did not
demonstrate an oral or written waiver of his right to a jury trial, as required by article 1.13(a) of the
Code of Criminal Procedure. (2) Further, he alleged that his felony trial counsel rendered ineffective
assistance of counsel by not investigating the validity of the enhancement convictions.

 During the hearing, the State presented the case files and certified copies of the judgments
in the 1998 DWI convictions to the court. The court noted:

 [I]n the first paragraph it says, I understand I have a right to an attorney in this case
and that if I am indigent, an attorney can be appointed to represent me, that I have a
right to a jury trial and that I have a right to remain silent.


 I believe that that first paragraph does outline his basic rights under the law. 
On the third paragraph, it reasserts his understanding of his rights and there at that
point, again waives his right to a trial by jury and he signs it as well as the following
paragraph which indicates again, I have explained to the defendant the right to the
law entitles him including the right to trial by jury and that is signed by his attorney
of record at the time. So there is not only an indication of the Defendant's
understanding of his right to a jury trial, but it is confirmed again that he was, in fact,
advised of that particular right by his attorney of record at the time.


 Applicant argues that the document to which the court referred only advised him of his right
to a jury trial and that there was no separate written waiver in the case file. However, the court found
that Applicant knowingly and voluntarily waived his right to trial by jury in both prior misdemeanor
cases, and the court denied Applicant's post-conviction writ of habeas corpus. The documents that
the court referenced do not appear to have been admitted into evidence and are not part of the record
on appeal.

 After the habeas corpus hearing, the court proceeded with the revocation hearing. Officer
Medina of the El Paso Police Department testified that he was patrolling in central El Paso at about
1:50 a.m. on November 6, 2005, when his radar indicated that Applicant's vehicle was traveling at
48 miles per hour in an area where the posted speed limit was 35 miles per hour. Officer Medina
pulled Applicant's vehicle over. Applicant's speech was slurred, his eyes were bloodshot, and there
was an odor of alcohol about his person.

 Applicant was unable to perform the horizontal gaze nystagmus test, and he refused to
perform the other field sobriety tests that Officer Medina attempted to administer. Applicant told
the officer that he was coming from a get-together at his home when he was stopped, and he had
drunk a couple of beers. Applicant was taken into custody.

 Applicant's probation officer testified that Applicant had called her to tell her he had been
arrested for DWI. During this conversation, he told her that he had drunk a couple of beers with
friends at a funeral, and he was arrested when he was returning home. Applicant's sister-in-law
testified that when Applicant was at her home for the get-together, he tried to drink a beer, but he
could not finish it because he became ill. The court granted the State's motion to revoke Applicant's
probation, finding that he had violated conditions a, b(1), and h(5).

II. DISCUSSION


 In Issue One, Applicant asserts that the court abused its discretion by failing to grant relief 
on his writ of habeas corpus, because there was no clear evidence showing that he waived his right
to a jury trial in the two prior misdemeanors used to enhance the underlying conviction. To prevail
on a writ of habeas corpus, the proponent must prove his allegations by a preponderance of the
evidence. See Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). In reviewing a trial
court's decision to grant or deny relief on a writ of habeas corpus, we review the facts in the light
most favorable to the trial court's ruling and should uphold it, absent an abuse of discretion. Ex
parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003). Reviewing courts should afford
almost total deference to a trial judge's determination of the historical facts supported by the record,
especially when the fact findings are based on an evaluation of credibility and demeanor. Id. at 819
n.67. When dealing with mixed questions of law and fact, the reviewing court should give the same
level of deference, if the resolution of those questions turns on an evaluation of credibility and
demeanor, and review de novo those mixed questions of law and fact that do not depend upon
credibility or demeanor. Id. at 819. Unless a reviewing court is unable to determine from the record
what the trial court's implicit factual findings were, it should grant deference to implicit factual
findings that support the trial court's ruling. Id. The reviewing court should affirm, as long as the
decision is correct on any theory of law applicable to the case. Ex parte Primrose, 950 S.W.2d 775,
778 (Tex. App.--Fort Worth 1997, pet. ref'd).

 Initially, we must address the State's contention that Applicant may not raise this issue in a
collateral attack on the underlying conviction. Habeas corpus is applicable only to review
jurisdictional defects or denials of fundamental or constitutional rights. Ex parte Sadberry, 864
S.W.2d 541, 543 (Tex. Crim. App. 1993). When a defect in the conduct of a proceeding is
challenged, a collateral attack by habeas corpus may be invoked only where the error renders the
proceedings absolutely void. Mere defects in a proceeding designated as irregularities, consisting
of the want of adherence to some prescribed rule or mode of proceeding, either in omitting to do
something that is necessary for the orderly conduct of a suit or doing it at an unreasonable time or
in an improper manner, do not render the proceeding void. Id. Absent any evidence that an
applicant desired to exercise his constitutional right to trial by jury or that such right was violated
by the trial judge's acceptance of his waiver, an inconsistency with the procedure required by article
1.13 will not result in relief's being granted by way of a post-conviction writ of habeas corpus. Ex
parte Douthit, ___ S.W.3d ____, 2007 WL 1490469, at * 4-5 (Tex. Crim. App. May 23, 2007) (not
yet published), petition for cert. filed sub nom. Douthit v. Texas, __ U.S.L.W. ____ (U.S. Jul. 23,
2007) (No. 07-5718).

 In the present case, the record is devoid of any indication that Applicant desired a jury trial
or that his rights were violated by the court's acceptance of the waiver. The only evidence before
us is when the court read from the document at trial, which indicated that the waiver was voluntary. 
We find that the court did not abuse its discretion in denying habeas corpus relief on this ground. 
Issue One is overruled.

 In Issue Two, Applicant asserts that there was insufficient evidence to warrant the court's
revocation of his probation. Our review of a community-supervision-revocation proceeding is
limited to a determination of whether the trial court abused its discretion. Jackson v. State, 645
S.W.2d 303, 305 (Tex. Crim. App. 1983). In a community-supervision-revocation proceeding, the
State bears the burden of establishing the alleged violations of the trial court's order, by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Becker
v. State, 33 S.W.3d 64, 66 (Tex. App.--El Paso 2000, no pet.). That burden is met when the greater
weight of the evidence before the court creates a reasonable belief that the defendant violated a
condition of community supervision. Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso
1995, no pet.). In determining whether the allegations in the revocation motion are true, the trial
court is the sole trier of facts, the credibility of the witnesses, and the weight to be given the
testimony. Becker, 33 S.W.3d at 66. This Court must view the evidence presented at the revocation
proceeding in a light most favorable to the trial court's ruling. Martinez v. State, 130 S.W.3d 95, 97
(Tex. App.--El Paso 2003, no pet.). Proof of a single violation is sufficient to support revocation of
community supervision. Id. at 99.

 Applicant contends that the State did not prove that he was driving while intoxicated, that
he failed to avoid injurious or vicious habits, or that he violated his curfew. With regard to the
second contention, Applicant maintains that the evidence does not support the allegation that he
engaged in an injurious or vicious habit, because a single use of alcohol cannot be characterized as
a habit. Generally, probation cannot be revoked for a violation of a probation condition which
proscribes engaging in injurious or vicious habits, based upon a single use of an alcoholic beverage. 
Bolieu v. State, 779 S.W.2d 489, 491 (Tex. App.--Austin 1989, no pet.). However, the terms and
conditions applicable to Applicant's probation proscribed not only his engaging in injurious or
vicious habits, but they also specifically prohibited Applicant from purchasing, selling, consuming,
possessing, or transporting any alcoholic beverage, dangerous drug, or illegal controlled substance. 
Accordingly, a single instance of consuming alcohol is sufficient to demonstrate a violation of a
pertinent term and condition of probation. See Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim.
App. 1977).

 There was evidence before the court from Officer Medina that Applicant exhibited signs of
having partaken of an alcoholic beverage, as well as his own statement to the officer that he had
drunk alcohol at the get-together. The next day, he acknowledged to his probation officer that he
had consumed alcohol. Further, Applicant's sister-in-law testified that he had consumed alcohol
before he became ill, although he could not finish the beer. Since a single violation of probation is
sufficient to warrant revocation, (3) we find that the court did not abuse its discretion in finding
sufficient evidence to revoke Applicant's probation. Issue Two is overruled.

 In Issue Three, Applicant argues that he did not receive effective assistance of counsel when
he pleaded guilty to the underlying offense. Specifically, he asserts that his trial counsel failed to
investigate the procedural history of the two prior misdemeanor convictions used for enhancement
purposes. Successful claims of ineffective assistance of counsel must first demonstrate that counsel
was not functioning as counsel guaranteed by the Sixth Amendment in providing reasonably
effective assistance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
The second prong of this test requires a showing that counsel's errors were so serious as to deprive
Applicant of a fair trial, such that there arises a reasonable probability that, but for counsel's
unprofessional errors, the results would have been different. Reasonable probability is a likelihood
sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 
Texas adopted the Strickland test in Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App.
1986). See also McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992), cert. denied, 508
U.S. 963, 113 S. Ct. 2937 (1993).

 The constitutional right to counsel does not mean errorless representation. In order to meet
the constitutional standard, counsel must provide reasonably effective assistance. Wilkerson, 726
S.W.2d at 548. In reviewing these assertions, the totality of representation is examined, as opposed
to focusing upon isolated acts or omissions. Ineffective assistance of counsel cannot be established
by isolating or separating out one portion of the trial counsel's performance for examination. Bridge
v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). In that regard, this Court, on review, will
not engage in hindsighted comparisons of how other counsel, in particular, appellate counsel, might
have tried the case. See Wilkerson, 726 S.W.2d at 548. A fair assessment of trial counsel's
performance requires that every effort be made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances at trial, and to evaluate the conduct from counsel's perspective at the
time. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonably professional assistance. 
A defendant must overcome the presumption that under the circumstances at trial, the challenged
action could be considered sound trial strategy. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2052;
Stafford, 813 S.W.2d at 506. Consequently, allegations of ineffectiveness of counsel must be firmly
founded by the record. Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983); Mercado v.
State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). A defendant may rebut the presumption of
effectiveness by providing a record from which the appellate court can ascertain that trial counsel's
performance was not based on sound trial strategy. Parmer v. State, 38 S.W.3d 661, 666 (Tex. App.
--Austin 2000, pet. ref'd). A defendant may provide that record by filing a motion for new trial and
obtaining a hearing thereon, based on ineffective assistance of counsel. Id. An error in trial strategy
will be deemed inadequate representation only if counsel's actions are without any plausible basis. 
Id. A record that does not include any discernible explanation of the motivation behind trial
counsel's actions fails to establish whether his actions were of strategic design or were the result of
negligent conduct. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). At a habeas
corpus hearing, the burden is upon the applicant to establish ineffective assistance of counsel by a
preponderance of the evidence, by meeting both prongs of the Strickland test. See Ex parte Okere,
56 S.W.3d 846, 856 (Tex. App.--Fort Worth 2001, pet. ref'd).

 In the present case, there is no record before us which rebuts the presumption of trial strategy
by providing any discernible explanation for the motivation behind trial counsel's actions. 
Accordingly, Applicant has failed to meet his burden to demonstrate ineffective assistance of
counsel. Issue Three is overruled.

III. CONCLUSION


 We affirm the order of the trial court denying habeas corpus relief.


 

 KENNETH R. CARR, Justice

August 23, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. The specific wording of this condition of his community supervision read as follows:


 b. Avoid injurious or vicious habits, to-wit:


 (1) You shall not purchase, sell, consume, possess or transport any alcoholic beverage,
or any dangerous drug or controlled substance as set out in the laws of this state,
except upon prescription of a person licensed to prescribe the same.
2. Tex. Code Crim. Proc. Ann. art. 1.13(a) provides:


 The defendant in a criminal prosecution for any offense other than a capital felony case in
which the State notifies the court and the defendant that it will seek the death penalty shall have the
right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver
must be made in person by the defendant in writing in open court with the consent and approval of the
court, and the attorney representing the State. The consent and approval by the court shall be entered
of record on the minutes of the court, and the consent and approval of the attorney representing the
State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters
his plea. 
3. We therefore find it unnecessary to address Applicant's alleged violations of conditions "a." and "h.(5)."