COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| LEON TASBY, AKA TONY HENDRICKS, | § | No. 08-10-00100-CR |
| | § | Appeal from the |
| Appellant, | § | |
| | | 297th District Court |
| V. | § | |
| | | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | |
| | | (TC# 1157625D) |
| Appellee. | § | |
| | § | |

## O P I N I O N

Appellant, Leon Tasby, a.k.a. Tony Hendricks, appeals the revocation of his probation. His sole issue on appeal is whether the trial court abused its discretion in revoking the probation and proceeding to adjudication when the evidence is legally insufficient to support the decision.

On October 22, 2009, Appellant pled guilty for causing bodily injury to an elderly person in exchange for being sentenced to four years' deferred adjudication, and being placed on community supervision. On October 27, 2009, the State petitioned to proceed to adjudication, alleging that Appellant violated a condition of probation by failing to report to the Community Supervision and Corrections Department as required. At a hearing held on January 11, 2010, Appellant pled "true," but claimed that there was an explanation. He explained that problems with his wheelchair and lack of bus fare prevented him from reporting as ordered. The trial court held that Appellant violated the condition of his probation and proceeded to adjudicate the assault offense.

Appellate review of an order revoking probation is limited to legal-sufficiency analysis in determining whether the trial court abused its discretion in revoking the appellant's probation. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983); *Becker v. State*, 33 S.W.3d 64, 66 (Tex.App.--El Paso 2000, no pet.). The State has the burden to prove the violation of a condition of probation as alleged in the motion to revoke by a preponderance of the evidence. *See Battle v. State*, 571 S.W.2d 20, 22 (Tex.Crim.App. 1978). The State satisfies the burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Battle*, 571 S.W.2d at 22. If the State fails to meet its burden of proof, the trial court abuses its discretion by issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984). In a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight of testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980). Therefore, on appeal, we view the evidence in the light most favorable to the trial court's judgment. *Williams v. State*, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no pet.).

When a plea of true is made, the sufficiency of the evidence may not be challenged. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979). A "plea of true, standing alone, is sufficient to support the revocation of probation." *Cole*, 578 S.W.2d at 128. Since Appellant admitted that he violated a condition of his probation by failing to timely report to the probation officers as required, the explanation he raised for the violation was irrelevant. *See id*. Appellant's plea of true, standing alone, is sufficient to support the revocation of probation. *See Cole*, 578 S.W.2d at 128.

Since the trial court has rejected Appellant's excuses, reviewing the evidence in the light

most favorable to the trial court's ruling, we find that there is sufficient evidence in the record before us to support the trial court's finding that Appellant violated a condition of his probation. *See Williams*, 910 S.W.2d at 85. The trial court did not abuse its discretion in revoking Appellant's probation and adjudicating the assault offense. We therefore overrule Appellant's sole issue and affirm the trial court's judgment.

Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment.

June 15, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ

(Do Not Publish)