COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 EDWARD CHARLES McBRYDE,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00004-CR
  
                          Appeal from
  
 143rd District
 Court
  
 of Ward County,
 Texas
  
 (TC #
 10-06-05140-CRW)
 
 


                                                                  O
P I N I O N

 

            Edward Charles McBryde appeals a
judgment revoking his community supervision for the offense of felony theft and
imposing a sentence of ten years’ confinement in the Texas Department of
Criminal Justice, Institutional Division, together with a $1,500 fine.  For the reasons that follow, we affirm. 

FACTUAL SUMMARY

            Appellant was charged by indictment
with felony theft for allegedly stealing jewelry from an elderly woman.  On July 9, 2010, he pled guilty pursuant to a
plea agreement.  The trial court accepted
Appellant’s plea and adjudicated him guilty of the theft offense.  In accordance with the plea agreement, the
court sentenced Appellant to ten years’ but placed him on community supervision
for a period of five years.  

            Approximately two months later, the State
filed a motion to revoke, alleging that Appellant violated several conditions
of his community supervision.  In four
paragraphs, the motion alleged that Appellant (1) failed to obey all orders of
the court and the Community Supervision Officer; (2) failed to report to his
Community Supervision Officer within forty-eight hours that he had been charged
with the offense of retaliation on July 29, 2010; (3) failed to report to his
Community Supervision Officer for the months of August 2010 and September 2010;
and (4) failed to obtain permission to be in the State of Colorado on or about
October 21, 2010.  In an amended motion,
the State alleged the same four violations and added three more.  These alleged that Appellant (5) failed to make
the monthly payments of his court ordered fees; (6) failed to pay his monthly
community supervision fee, and; (7) failed to complete community service.  Appellant pled not true to all
allegations.  After a contested hearing, the
trial court found the evidence sufficient to prove Appellant had violated the conditions
as alleged in paragraphs (3), (4), (5), (6), and (7).

STANDARD OF REVIEW

            We review the trial court’s judgment
revoking community supervision for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).  At a revocation hearing, the State bears the
burden to prove the allegations in its motion to revoke by a preponderance of
the evidence.  Id.; Cobb v. State, 851
S.W.2d 871, 873 (Tex.Crim.App. 1993); Williams
v. State, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no writ).  The State meets its burden when the greater
weight of the credible evidence creates a reasonable belief that the defendant
violated a condition of his community supervision.  Rickels,
202 S.W.3d at 764; Battle v. State,
571 S.W.2d 20, 21 (Tex.Crim.App. [Panel Op.] 1978); Williams, 910 S.W.2d at 85.  If
the State fails to meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision.  Cardona,
665 S.W.2d at 493-94 (Tex.Crim.App. 1984); Williams,
910 S.W.2d at 85.  At a revocation
hearing, the trial court is the sole trier of facts and judge of the
credibility of witnesses and the weight to give their testimony.  Cardona,
665 S.W.2d at 493; Becker v. State, 33
S.W.3d 64, 66 (Tex.App.--El Paso 2000, no pet.).  Accordingly, in conducting our review, we
view all evidence in a light favorable to the trial court’s ruling.  Jones
v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. [Panel Op.] 1979); Martinez v. State, 130 S.W.3d 95, 97
(Tex.App.--El Paso 2003, no pet.).  

ANALYSIS

            On appeal, Appellant frames his
argument thusly: 

The Trial Court
abused its discretion in revoking Appellant’s probation and sentencing him to
the maximum when he had only been on probation for 3 months and further, the
evidence did not support the Court’s findings of true to the alleged
violations. 

 

We construe
this complaint as two separate contentions. 
First, Appellant suggests that because he had only been on probation a
short time, the trial court abused its discretion in sentencing him to the
maximum punishment of ten years.  He
cites no authority and makes no effort to expand upon the argument.  Instead, it appears his true complaint is
that the evidence was insufficient to support the allegations in the motion to
revoke.

            Proof of a single violation in a
revocation hearing is sufficient to support revocation.  Moore
v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Martinez, 130 S.W.3d at 99.  Reynolds v. State, 746 S.W.2d 536, 537
(Tex.App.--Texarkana 1988, no writ).  If
the evidence is sufficient to find as true any one of the alleged violations,
the trial court did not abuse its discretion. 
See Moore, 605 S.W.2d at 926; Martinez, 130 S.W.3d at 99.  

            In his brief, Appellant addresses each
paragraph and in each instance, he bases his complaint on an excuse rather than
a claim that the violation did not occur. 
Essentially, he claims that he was in custody in Colorado from September
19, 2010 through November 22, 2010 and that he reasonably believed he had
permission to travel there.  From this he
concludes that he could not be expected to comply with the conditions of his
Texas community supervision while in custody in Colorado.  Even if we were to accept this premise, by
his own admission Appellant committed more than one of the alleged violations before he was taken into custody in
Colorado.  

            Appellant was placed on community
supervision on July 9, 2010.  He was in
custody in Colorado from September 19, 2010 until November 22, 2010.  Appellant was required to report in writing and
in person to his supervision officer by the fifth day of each month.  Paragraph three of the motion to revoke
alleged that he failed to report in August and September 2010.  Appellant’s supervision officer testified he
failed to report.  Appellant himself
testified that he did not report.  Even
on appeal, Appellant does not contest the fact that he did not report.  Instead, he claims that his probation officer
was aware of his plans to turn himself in for a prior probation in Colorado,
and that he surrendered himself on September 19, 2010.  Assuming this to be true, Appellant has not
negated the fact that he failed to report in August or by September 5.  Because there is sufficient evidence to
support the court’s finding as to Appellant’s failure to report, we overrule
Issue One and affirm the judgment of the trial court. 

 

 

January 25, 2012                                 ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)