COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| EDWARD CHARLES McBRYDE, | | No. 08-11-00004-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 143rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Ward County, Texas |
| | § | |
| Appellee. | § | (TC # 10-06-05140-CRW) |

## O P I N I O N

Edward Charles McBryde appeals a judgment revoking his community supervision for the offense of felony theft and imposing a sentence of ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, together with a $1,500 fine. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Appellant was charged by indictment with felony theft for allegedly stealing jewelry from an elderly woman. On July 9, 2010, he pled guilty pursuant to a plea agreement. The trial court accepted Appellant's plea and adjudicated him guilty of the theft offense. In accordance with the plea agreement, the court sentenced Appellant to ten years' but placed him on community supervision for a period of five years.

Approximately two months later, the State filed a motion to revoke, alleging that Appellant violated several conditions of his community supervision. In four paragraphs, the motion alleged that Appellant (1) failed to obey all orders of the court and the Community Supervision Officer; (2) failed to report to his Community Supervision Officer within forty-eight hours that he had been charged with the offense of retaliation on July 29, 2010; (3) failed to

report to his Community Supervision Officer for the months of August 2010 and September 2010; and (4) failed to obtain permission to be in the State of Colorado on or about October 21, 2010. In an amended motion, the State alleged the same four violations and added three more. These alleged that Appellant (5) failed to make the monthly payments of his court ordered fees; (6) failed to pay his monthly community supervision fee, and; (7) failed to complete community service. Appellant pled not true to all allegations. After a contested hearing, the trial court found the evidence sufficient to prove Appellant had violated the conditions as alleged in paragraphs (3), (4), (5), (6), and (7).

### STANDARD OF REVIEW

We review the trial court's judgment revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). At a revocation hearing, the State bears the burden to prove the allegations in its motion to revoke by a preponderance of the evidence. *Id.*; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Williams v. State*, 910 S.W.2d 83, 85 (Tex.App.--El Paso 1995, no writ). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 764; *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim.App. [Panel Op.] 1978); *Williams*, 910 S.W.2d at 85. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493-94 (Tex.Crim.App. 1984); *Williams*, 910 S.W.2d at 85. At a revocation hearing, the trial court is the sole trier of facts and judge of the credibility of witnesses and the weight to give their testimony. *Cardona*, 665 S.W.2d at 493; *Becker v. State*, 33 S.W.3d 64, 66 (Tex.App.--El Paso 2000, no pet.). Accordingly, in conducting our review, we view all evidence in a light favorable to the trial court's ruling. *Jones*

*v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. [Panel Op.] 1979); *Martinez v. State*, 130 S.W.3d 95, 97 (Tex.App.--El Paso 2003, no pet.).

### ANALYSIS

On appeal, Appellant frames his argument thusly:

> The Trial Court abused its discretion in revoking Appellant's probation and sentencing him to the maximum when he had only been on probation for 3 months and further, the evidence did not support the Court's findings of true to the alleged violations.

We construe this complaint as two separate contentions. First, Appellant suggests that because he had only been on probation a short time, the trial court abused its discretion in sentencing him to the maximum punishment of ten years. He cites no authority and makes no effort to expand upon the argument. Instead, it appears his true complaint is that the evidence was insufficient to support the allegations in the motion to revoke.

Proof of a single violation in a revocation hearing is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Martinez*, 130 S.W.3d at 99. *Reynolds v. State*, 746 S.W.2d 536, 537 (Tex.App.--Texarkana 1988, no writ). If the evidence is sufficient to find as true any one of the alleged violations, the trial court did not abuse its discretion. *See Moore*, 605 S.W.2d at 926; *Martinez*, 130 S.W.3d at 99.

In his brief, Appellant addresses each paragraph and in each instance, he bases his complaint on an excuse rather than a claim that the violation did not occur. Essentially, he claims that he was in custody in Colorado from September 19, 2010 through November 22, 2010 and that he reasonably believed he had permission to travel there. From this he concludes that he could not be expected to comply with the conditions of his Texas community supervision while

in custody in Colorado.  Even if we were to accept this premise, by his own admission Appellant committed more than one of the alleged violations *before* he was taken into custody in Colorado.

Appellant was placed on community supervision on July 9, 2010.  He was in custody in Colorado from September 19, 2010 until November 22, 2010.  Appellant was required to report in writing and in person to his supervision officer by the fifth day of each month.  Paragraph three of the motion to revoke alleged that he failed to report in August and September 2010.  Appellant's supervision officer testified he failed to report.  Appellant himself testified that he did not report.  Even on appeal, Appellant does not contest the fact that he did not report.  Instead, he claims that his probation officer was aware of his plans to turn himself in for a prior probation in Colorado, and that he surrendered himself on September 19, 2010.  Assuming this to be true, Appellant has not negated the fact that he failed to report in August or by September 5.  Because there is sufficient evidence to support the court's finding as to Appellant's failure to report, we overrule Issue One and affirm the judgment of the trial court.


January 25, 2012                    _____
                                   ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)


4